Dobson *v.* State.

5L 271
9L 377

## R. L. DOBSON *v.* STATE.

1. CRIMINAL LAW. *Sale of liquors. Incorporated institutions of learning. Evidence.* Upon the trial of an indictment for selling an intoxicating beverage within four miles of an incorporated institution of learning, where the defense is that the sale was made by a licensed druggist to fill the prescription of a physician, proof of other sales than the one for which the defendant is on trial is admissible to show the intent with which the sale is made.

2. SAME. *Same. Evidence.* Upon such a trial, it is not error to sustain an objection by the State to parol proof of the quantity of liquors called for by a written prescription, nor to overrule an objection of the defendant to oral evidence of the person for whom the prescription was made.

3. SAME. *Same. License.* Where it was admitted by the State that the defendant was a licensed druggist, it would be error for the judge to charge the jury that it was incumbent upon him to produce his li-

Dobson *v.* State.

cense, if he thereby meant, and was understood by the jury to mean that the license must be actually present, notwithstanding the agreement. *Aliter*, if from the context it appears that he merely meant that the burden of proof was upon him to produce subject to the agreement.

4. SAME. *Charge of the court.* It is proper to charge the law upon any state of facts raised by the evidence, and pertinent to the issues, although the evidence may be slight, if sufficient to sustain a verdict.

5. SAME. *Written charge in misdemeanor not required.* It is not error for the judge, in a criminal prosecution for a misdemeanor, to refuse, upon the request of the defendant, to deliver a written charge to the jury.

6. SAME. *Charge of court in absence of defendant's counsel.* Nor is it error, in such case, to state to the jury, in the absence of the prisoner and his counsel, after an effort to procure the attendance of the counsel, the maximum and minimum of the fine imposed by law for the particular offense, and that it was their duty to assess it within those limits, if they found him guilty, there being no exception to the correctness of the statement.

---

## FROM GREENE.

---

Appeal in error from the Circuit Court of Greene county. NEWTON HACKER, J.

H. H. INGERSOLL for Dobson.

ATTORNEY-GENERAL LEA for the State.

COOPER, J., delivered the opinion of the court.

Dobson was presented. tried and convicted for selling an intoxicating beverage, to a person named, within four miles of an incorporated institution of learning.

The person to whom the beverage was alleged to have been sold was introduced by the State as a witness. His testimony, and what took place is thus set out in the bill of exceptions: "I believe I got some

Dobson v. State.

whisky from Dr. Dobson under a prescription. He
would not let me have it till I told him my prescrip-
tion from Dr. Taylor was there. I paid him for it.
I got it from him at his drug store in Greeneville. . .
I got a half pint. It was about the last of August
or the first of September last." He was then asked
whether he got whisky or brandy there at any other
time from defendant. To this question the defendant
objected, but the objection was overruled. The wit-
ness said : "I think I got a small glass once of rye
whisky, and paid him a dime for it. This was some
time last fall. I poured it out myself, and drank it
there." The attorney-general, being required by the
court to elect on which sale he would proceed, elected
to ask a conviction on the last sale. Thereupon, the
defendant asked the court to withdraw the evidence
of the previous sale, which the court declined to do,
and defendant excepted. It is now urged that it was
error to admit proof of acts "supposed to create a
separate and distinct offense."

As a general rule, under an indictment for one of-
fense, evidence of separate and distinct offenses is in-
admissible. An exception to this rule, as well settled
as the rule itself, exists whenever it becomes material
to show the intent with which the act charged was
done. *Britt* v. *State*, 9 Hum., 31 ; *Defrese* v. *State*, 3
Heis., 53. The defense set up in the present case
was, that the sale of the beverage was made by the
defendant, as a druggist, to fill the prescription of a
physician. By the Code, sec. 696a, "regularly licensed
druggists are authorized to fill the prescription of any

18—VOL. 5.

regular practicing physician prescribing spirituous or vinous liquors as a medical remedy." It was admitted by the State that defendant had at the time of sale, a merchant's license duly issued in the same form as the licenses to other druggists in the county, and was acting under it. *Prima facie,* a sale of liquor by the defendant under a physician's prescription would be innocent, and in the line of his business. The character of a particular sale would depend upon the intent with which it was made. The act under which the defendant was presented makes it an offense to "sell or tipple" any intoxicating beverage, etc. The word "tipple" means, under our statutes, the retailing of liquor in small quantities to be drank on the premises. The State was attempting to show that the defendant made the sale proven, not in reality as a druggist in due course of business within the purview of the license, but with the unlawful purpose of supplying it in small quantities to customers, as would be done in a tippling house. Guilty knowledge and intent on the part of the defendant was all important, and evidence of similar acts fell within the exception to the rule, and not within the rule relied on.

On cross-examination, the witness said that the prescription, under which he got the liquor, had been given by Dr. Taylor sometime before, he did not remember how long. He was asked how much the prescription called for, but the State objected to the question, and the objection was sustained. On reexamination, he was asked by the State for whom the prescription was made, and, over the objection of the

defendant, was permitted to reply that it was for his wife. The defendant objects to these apparent conflicting rulings as error. Strictly speaking, the prescription, being in writing, for the witness speaks of it as on file, should have been produced. The State could have legally objected to any reference to the prescription without producing or accounting for it, and might, of course, object to parol proof of any of its details. If, however, the defendant was permitted to show by parol that there was a prescription, it was no violation of the rule touching the best evidence, and that was the only ground upon which defendant could rest his objection, to permit the witness to state for whom the prescription was made; for *non constat* that the written prescription mentioned the name of the patient. Ordinarily, it does not, and if it did it would be no part of the prescription.

It was admitted that the defendant was a regularly licensed druggist. The judge, in his charge, said to the jury, that if the defendant had a license he would not be guilty, if the sale was made to fill a prescription of a regular physician, but to excuse him "it devolved upon him to produce such license." Error is assigned in this part of the charge. And, undoubtedly, if his Honor meant, and was so understood by the jury, as was argued, that the defendant must produce his license notwithstanding the agreement, it was clear error. This was not his meaning. For, the very next words of his charge are: " If the evidence shall show that at the time of the sale, if any be shown, the defendant was a regularly licensed drug-

gist, or acting as clerk of such regular licensed drug-gist, and that the sale was made in good faith to fill the presciption of a regular practicing physician, then he would not be guilty." His Honor meant, as the context shows, that the burden of proof was on the defendant to "produce" the license, subject to the agreement of the parties. It was produced for the purposes of the trial, and it was so understood, to use the language of the defendant's counsel in another connection, "by all the parties."

Objection is made to the charge of the court as going upon a state of facts not proven. Thus, his Honor said the defendant must show that the house in which the sale was made was a drug store, and kept as such; that although called a drug store, yet if you are satisfied from the proof that it was not a drug store, but simply a liquor store or drinking shop, the defendant could not justify a sale of an intoxicating beverage as a regularly licensed druggist. The objection is not to the substance of the charge, which is correct, but that the facts do not justify it. "It was," says the counsel in his argument, "conceded to be a drug store on all hands, and no proof offered to the contrary." It is true that the witness, and only one witness was introduced, does speak of the establishment as a drug store, and it is admitted that the defendant had, and was acting under a druggist license. But the very point in issue was, whether the sale to the witness was in good faith as a druggist, or a sale, in violation of the law, of liquor by the drink. It was proper to charge the law on the subject, even if

the evidence was not full.    It cannot be said, nor is it argued, that there was no evidence to sustain the verdict.

It is also objected, in the same connection, that his Honor went beyond the evidence in charging, that if defendant had a prescription for one person, and the proof should show that he sold and delivered an intoxicating beverage to another person, this would not protect him.    And again, that his Honor said: "Should you be satisfied from the evidence that the prescription, (if such has been shown to have been given), upon which the defendant may have sold an intoxicating beverage, was simply a fraud to enable a party to get spirituous liquors to drink as a beverage, and not as a medicine, and that defendant knew the fact at the time of the sale, then such prescription would afford him no protection."    But the first of these paragraphs of the charge was based upon the direct statement of the witness, and the other was proper, the testimony laying the ground upon which a legitimate deduction of the delusive character of the prescription was admissible.

Another error assigned is the refusal of the judge, on the request of the defendant, to deliver his charge to the jury in writing.    But there is no law requiring a written charge in misdemeanor cases.

Lastly, it is objected that the judge delivered a portion of his charge in the absence of the defendant and his counsel.    The bill of exceptions shows, that the body of the charge was delivered in the presence of the defendant and his counsel.    Immediately, upon

its conclusion, the court adjourned for dinner, and the jury dispersed.    When the court met after dinner, the jury were called before the judge in a body, and the sheriff directed to call the defendant's counsel.    After waiting sometime, and the counsel failing to appear, the court told the jury that the statute imposed a fine for the offense in question of not less than $100 nor more than $250, and that it was for them, if they found the defendant guilty, to fix the fine within these limits.    It is impossible that a mere statement of the amount of the fine imposed by the law, and the duty of the jury to assess it within the limits prescribed, could have prejudiced the prisoner, there being no exception to the correctness of the statement.

   There is no error, and the judgment must be affirmed.