Sartin v. The State.

7L 679
8L 656

## LUM. SARTIN v. THE STATE.

1. CRIMINAL LAW. *Substantive felonies.* Under an indictment for larceny, evidence of the subject-matter of another indictment for larceny may be admitted where the two offenses are so connected as to be the parts of the same transaction; as where two horses belonging to different persons are stolen by conspirators in pursuance of a previous design.

Sartin v. The State.

2. SAME. *New trial.* Where it is apparent that the circuit judge was not satisfied of the truth of the charge, this court will not grant a new trial on the ground that the juror had previously formed and expressed an opinion adverse to the appellant.

FROM KNOX.

Appeal in error from the Criminal Court of Knox county.    D. K. YOUNG, J.

J. C. J. WILLIAMS for Sartin.

H. H. INGERSOLL for the State.

MCFARLAND, J., delivered the opinion of the court.

This is an indictment against Lum. Sartin, Alex. Chapman and Wm. Cooke, for stealing a horse, the property of Wm. Morrow, in Knox county. Sartin was separately tried, convicted and sentenced to the penitentiary for four years. A new trial being refused, he has appealed in error.

Two grounds for reversal have been urged in argument. First, That the court below permitted proof, over defendant's objection, of the stealing of a mule belonging to Thos. Underwood, which occurred at a different time and place from the stealing of Morrow's horse. The facts are, that on the night of the 1st of April, 1880, Underwood's mule was stolen in Knox county. On the next night, which was Friday night, Morrow's horse and also a mule were stolen. On the Sunday following, about 2 o'clock in the morning, defendant, Chapman and Cooke stopped at the house of Carter, in Union county, some fifteen miles from

Knoxville, and stayed until almost day-light, when they left together. Some four miles further on they were seen and recognized riding the two mules and horse. They were pursued and the stock recovered in the State of Kentucky. It is proven by several witnesses that the defendant, Chapman and Cooke were together in Kentucky, in possession of the stock, and they traded off the horse and mules to different persons in that State. The defendant was riding Morrow's mule, Chapman Morrow's horse, and Cooke rode Underwood's mule, at least when seen by the witnesses. But all the proof shows that it was a joint venture; that the whole scheme was carried out in pursuance of some previous plot or conspiracy for the purpose; that the stock was used and disposed of for the benefit of the three. Upon these facts we are satisfied the evidence was properly admitted. Proof of a wholly separate and distinct offense, not calculated to throw light upon the case on trial, but only calculated to prejudice the prisoner, ought not to be admitted. Such, in the opinion of the court, was *Wilcox's case*, 3 Heis. But the stealing of Underwood's mule, the stealing of Morrow's horse and mule, the flight, the sale of the stock, the pursuit and recovery of the property and subsequent capture of the offenders, are all parts of one transaction and so intimately connected that proof of the whole is admissible, as proof in regard to one part does throw light upon the other.

The second ground for reversal, is predicated upon affidavits tending to show that two of the jurors had formed and expressed opinions prejudicial to the pris-

oner before being taken upon the jury, and that this was unknown to the prisoner when he accepted the jurors. We have a number of cases holding this to be a ground for a new trial when the fact is made out. The circuit judge in this case heard the affidavits, and then heard the jurors in open court in answer to the charge against them, and, as we understand the record, was not satisfied of the truth of the affidavits, and we have no doubt his conclusion was correct; at all events, we see nothing to justify us in coming to a different conclusion.

The guilt of the defendant is beyond question, and the judgment will be affirmed.