Murphy v. The State.

## C. B. MURPHY v. THE STATE.

1. CRIMINAL LAW. *Juror's challenge.* A person is incompetent to sit as a juror in a criminal case, and may be challenged for cause by the State, who has been tried and acquitted of a criminal charge at the term at which he is presented as a juror.

2. SAME. *Same.* A juror, already selected and sworn in a criminal case, who announces that he had a suit in court, may be challenged by the State for cause and set aside by the court, although the clerk may, while the point is being brought by the court to the attention of counsel, proceed to swear the entire jury, all parties understanding the juror to mean that he had a suit pending at that term.

3. SAME. *Proof of separate offenses. Attorney-General should elect.* Under a general presentment for selling an intoxicating beverage within four miles of an incorporated institution of learning, the State introduced three witnesses, each of whom proved a sale to him by the defendant about the same time of cider by the drink, to which was added, at the option of the purchaser, spirituous liquor. *Held,* the evidence of separate offenses was admissible to show the intent of the defendant, but that the attorney-general should have been required to elect on which offense he would try the defendant.

Murphy v. The State.

4. CONSTITUTIONAL LAW. *Municipal corporations.* The act of 1881, ch. 122, entitled "an act prescribing a mode by which municipal corporations may surrender or abolish their charters," is unconstitutional, because in violation of the Constitution, art. 2, sec. 17, it contains provisions for amending the charters of municipal corporations, in addition to those for abolishing the charters of such corporations.

FROM DECATUR.

Appeal in error from the Circuit Court of Decatur county.   T. P. BATEMAN, J.

L. S. WOODS, J. M. TAYLOR and S. W. HAWKINS for Murphy.

ATTORNEY-GENERAL LEA for the State.

COOPER, J., delivered the opinion of the court.

The plaintiff in error having been convicted of selling an intoxicating beverage within four miles of an incorporated institution of learning, appealed in error.

After the State had exhausted its peremptory challenges, the attorney-general asked a person tendered as a juror if he did not have a suit pending in the court, and he replied that he had, on a previous day of the term, been tried and acquitted. The trial judge, over the objection of the defendant, held the person incompetent to serve as a juror, and he was set aside for this cause. A jury having been selected, the clerk, under the direction of the court, proceeded to swear, and had sworn eight of them, when one of the number informed the clerk that he had a suit in court, and the clerk stated to the judge what the juror said.

Murphy *v.* The State.

The judge then announced to the attorney-general and the counsel of the defendant that one of the jurors had a suit in court. The clerk proceeded to the swearing of the other four jurors. The attorney-general then asked what the court said, and the judge repeated that one of the jurors had a suit in court. The attorney-general at once objected to the juror, and the judge told the clerk to hold on. Immediately after this was said, the last juror had kissed the book, and was handing it back to the clerk. At the instance of the attorney-general, and over the objection of the defendant, the court held the juror incompetent, and set him aside. Error is assigned on these rulings.

The Code, sec. 3988, forbids the appointment of any person to serve as a juror "who has an action pending in the court at the term to which he is nominated." By section 4010 either party is permitted to challenge for cause "any person who has a suit then pending for trial at the same term of the court." It is very obvious that the first person presented above as a juror should not have been appointed because he did have an action pending in the court at that term, although it may have been tried before he was presented as a juror. The incompetence is not made to depend upon the order of time in which a case may be heard at the term, but on the fact of having a suit pending at that term. In the matter of the other juror, it is obvious that the act of the clerk in proceeding to swear the entire jury, without the direction of the court, before the attorney-general had caught the fact announced and

taken action, cannot be allowed to affect the question presented. That question is whether a juror, whose incompetency is disclosed before the jury is sworn, may be set aside for cause. To that question there can only be one answer. It is said, however, that the fact only appeared that he had a suit in court, and *non constat* that it was pending at the term. But it is obvious that the juror, the court and the attorney-general proceeded upon this assumption, which the language, although susceptible of a different sense, might well imply, and the objection was not made which is now relied on. It is unnecessary to determine whether, even if the fact were as now suggested that the suit was not pending for trial at that term, the case would not fall within the ruling in *Riley* v. *Bussel,* 1 Heis., 294.

The State introduced three witnesses, each of whom testified to a sale to him by the defendant, on the 8th or 9th of November, 1881, of one or more drinks of cider " spiked " with an intoxicating beverage. That is, the sale and purchase were of cider by the drink, the purchaser being allowed to add to it spirituous liquor according to his taste. The jury, on a proper charge, would of course be warranted in finding the defendant guilty of selling an intoxicating beverage, especially as one of the witnesses admitted the repetition of his potations of the " spiked " cider until he was actually intoxicated. The defendant objected to the introduction of testimony of more than one offense, and, on the objection being overruled, moved the court to require the attorney-general to elect on which one

of the three offenses he would try the defendant. The court refused the motion, but in his charge to the jury said: "If he (the defendant) is found to have made more sales than one before the finding of the presentment, the verdict should be returned that the defendant is guilty as charged, and the fine fixed only as if there had been but one sale." There was no error in overruling the objection to the admission of the testimony. Evidence of separate offenses may be made to show the intent with which the act charged was done: *Dobson* v. *State*, 5 Lea, 273. But we think his Honor erred in overruling the motion requiring the attorney general to elect the offense on which he proposed to try the prisoner. The presentment was general, for that the defendant did unlawfully sell an intoxicating beverage, without specifying the person to whom the sale was made, or otherwise limiting the charge to a particular offense. If now, the attorney-general can prove any number of offenses, the defendant would be put at great disadvantage on the trial, and might be deprived of the right to rely upon the acquittal or reversal in defense of another indictment for a similar offense during the same period. It might be in his power to defend against a specific charge, while it would be literally impossible for him to do so where the State was at liberty to introduce proof as to any number of charges. The charge of the trial judge only prevented the defendant from being punished for more than one offense, without securing to him the right to which he was entitled of being tried for one offense alone.

The judgment of condemnation must also be reversed for another reason. The act of 1877, ch. 23, under which the presentment was found, expressly provides that it shall not apply to the sale of intoxicating liquors within the limits of an incorporated town. The validity of this exception from the terms of the act has been sustained by this court: *State* v. *Rauscher*, 1 Lea, 96. The defendant was a licensed tippler doing business on the public square in the town of Decaturville. The town was incorporated in 1850, and the charter has never been repealed by the Legislature. The State, however, introduced proof tending to show that the corporation had become extinct by virtue of proceedings taken under the act of 1881, ch. 122. That act provides that whenever twenty-five or more householders or freeholders of any town shall petition the sheriff, he shall hold an election to ascertain the will of the people of the town as to the surrender or non-surrender of their charter. If a majority of the votes cast be in favor of "no charter," it is made the duty of the sheriff to certify the result, and cause a copy of his certificate to be registered in the register's office of the county, and, the act says, "when said certificate is filed for registration, said corporation shall be and become extinct." There was proof tending to show that such an election was held in the town of Decaturville, resulting in a majority of the votes being cast for "no charter," and that the sheriff's certificate of the result was filed in the register's office on the 7th of November, 1881.

Without pausing to consider whether the Legisla-

lature can thus delegate to the people of a locality the legislative power to abolish municipal charters, the act of 1881, ch. 122, is found to be unconstitutional upon another ground. The constitution, art. 2, sec. 17, is: "No bill shall become a law which embraces more than one subject, that subject to be expressed in the title." A majority of the judges of this court have construed this provision to mean that if an act contains more than one subject, and only one subject is expressed in the title, the whole act is a nullity: *State* v. *McCann*, 4 Lea, 1. I dissented from my brother judges in the conclusion that the particular act under consideration in that case contained more than one subject, and I have grave doubts whether the construction of the clause of the constitution in question adopted in that case is correct. But the opinion is the opinion of the court. The act of 1881, ch. 122, is entitled: "An act prescribing a mode by which municipal corporations may surrender or abolish their charters." The first six sections of the act are directed to this object. But the next three sections undertake to provide a mode by which any municipal corporation may amend its charter. The title and object of the first part of the act is, therefore, the abolishment of municipal charters, while the latter part of the act provides for a change or addition to their powers, and the continuance, instead of the extinction of their existence. No two objects could be more inconsistent, and the latter object is not expressed in the title. The act is, therefore, under the decision cited, unconstitutional and void.

It is very true, the latter sections of this statute are of the character of that " extraordinary act," as Judge McKinney styled it, which was passed upon in the *State* v. *Armstrong,* 3 Sneed, 634. They undertake to authorize the board of mayor and aldermen, or other legislative council of the corporation, to prepare amendments of the municipal charter· in the manner in which by-laws are adopted, and to submit the same to a vote of the qualified voters of the corporation, and if a majority vote therefor, to cause the same to be registered, whereupon, says the act, " the amendments shall become a part of the charter." The Legislature seems willing to renounce its inherent prerogative to prescribe the powers of municipal corporations, and delegate the authority to the people of the locality. It would be somewhat difficult to sustain the constitutionality of these provisions: *Chadwell ex parte,* 3 Baxt, 98. But it may be equally difficult to sustain the constitutionality of the other provisions. And the entire act falls clearly within the decision in the McCann case.

The judgment will be reversed, and the cause remanded for a new trial.