Foute *v*. The State.

## JOE D. FOUTE *v*. THE STATE.

1. CRIMINAL LAW. *Joining offenses in indictment.* Counts for obtaining money by false pretenses, and for passing forged paper, may be joined in an indictment. Different offenses punished by different degrees of severity, differing only in degree, and belonging to the same class of crimes, may be united in different counts under an indictment, especially when the offense is the same, and the several counts are inserted to meet the uncertainty of the evidence, and it is not error for the circuit court to refuse to quash for that reason, or to refuse to compel the prosecutor to elect upon which of the charges he would proceed.

2. SAME. *Venue.* The defendant being sheriff and jailer of Loudon county, enclosed false and fraudulent, altered and forged accounts, sworn and certified to as required by law, in a letter to the comptroller at Nashville, and received in return warrant on the treasurer, which the defendant sent to the treasurer at Nashville, and was paid by check on Bank of Knoxville, and the money was received there by the defendant. *Held,* the defendant was indictable at Nashville for passing forged paper.

3 SAME. *Defective counts.* When two counts in an indictment are founded on the same facts, and one count is defective and the defendant is convicted, the conviction will be referred to the good count and will stand, if it appears the defendant was not prejudiced in his defense by the defective count.

4. SAME. *Evidence.* Under an indictment for passing forged bills for jail fees, the passing of other forged bills than those set out in the indictment, may be shown to prove the *scienter.*

---

### FROM DAVIDSON.

---

Appeal in error from the Criminal Court of Davidson county. MATT. W. ALLEN, J.

E. H. EAST, LYTTON TAYLOR and DAVID R. NELSON for Foute.

ATTORNEY-GENERAL LEA and HEAD & CHAMPION for the State.

DEADERICK, C. J., delivered the opinion of the court.

Defendant, Foute, was convicted in the criminal court of Davidson county, on an indictment containing two counts, one for obtaining money by false pretenses, and the second for passing forged paper.

The facts constituting the false pretense, as charged, in substance, are that defendant Foute was sheriff and jailer in Loudon county, and enclosed in a letter to P. P. Pickard, comptroller, accounts for jail fees claimed to be due him, in State cases for the months of May, June, July and August, 1884; that the accounts were false and fraudulent, and upon his representations, the accounts being properly certified on their face when received by the comptroller, he issued his warrant upon the treasurer, which was paid by the treasurer when presented; that the claims set up were false and fraudulent, and were concocted to defraud the State of Tennessee.

The second count charges that defendant unlawfully, feloniously and fraudulently did pass and transfer a certain forged report and jail bill, which is set out, and is the same as that for the month of May, which appears on its face to have been approved by the judge and attorney-general, and sworn to by defendant before the circuit court clerk, intending to defraud the State, well knowing the said report and jail bill to be forged, etc.

It satisfactorily appears from the evidence, that

for each of the four months mentioned in the indict-ment, the defendant made out his account correctly and had it approved by the presiding judge, and attorney-general. These officers testified that the bills exhibited on the trial were approved by them, and then each had from six to eight or ten names of prisoners, and now have thirty to forty names, which were not on them when approved.

These names were all in the · hand-writing of defendant. And the circuit court clerk, Cassedy, stated that he swore defendant to several papers, he only exposing that part of the paper containing his, defendant's oath, and the clerk's certificate, his name appearing on bills.

So that, when received by the comptroller, they appeared to be in conformity to the requirements of section 6309 of the new Code, and the warrant was issued and sent by mail to defendant at Loudon, sent by him to the treasurer at Nashville, and paid by check on Bank of Knoxville, and the money received there by defendant, so that there can be no doubt defendant received a large amount of money from the treasury to which he was not entitled, by means of the fraudulent alteration of said bills after they were officially approved.

In the court below the defendant moved to quash the indictment because it contained a charge of two distinct felonies of different degrees. This motion was overruled, and defendant then requested the court to require the attorney-general to elect upon which of the two counts he would put defendant on trial. This

the court also refused to do, and this, it is insisted,. is error.

Both of these questions are settled in a recent decision of this court, in which it is said: "It has. long been settled in this State, in accord with authority, that different offenses, punished by different degrees of severity, differing only in degree, and belonging to the same class of crimes, may be united, and it is not error for the court below to refuse to. quash for this reason, or to refuse to compel the prosecutor to elect on which of the charges he would proceed: 4 Lea, 176, citing 8 Hum., 69; 10 Hum., 11; and this is especially so where the offense is the same, and the several counts are inserted to meet the. uncertainty of the evidence: 7 Cold., 77; 4 Hum., 194; 3 Lea, 559.

There was, therefore, no error in the refusal of the court to compel election, or to quash the indictment.

It is next insisted that the offense, if committed at all, was committed in Loudon, not in Davidson county. The false pretense was contained in the letter and the accompanying bills transmitted to, and received in Nashville, and so as to the passing of the forged paper. Both counts are founded upon, substantially, the same facts.

And this being so, and it appearing that the judge had distinctly stated in his charge that upon the first. count they could not punish beyond ten years, and on the second they might fix the punishment from three to fifteen years—the verdict being for thirteen

years—it is thus seen, although the verdict was general, it is sustained by, and was in fact rendered upon, the second count.

It is insisted that the first count is defective, not in form, but in charging that certain facts alleged, made the defendant guilty of "false pretenses" under our statute.

It is insisted that the facts charged in the first count do not constitute a false pretense, in its legal sense. Passing counterfeit money for property, was held not to be a false pretense, but an offense of higher grade than that of obtaining money by false pretenses, and not punishable as a false pretense, because it had been long previously declared a distinct, substantive felony, and differently punished: 1 Cold., 172; 2 Head, 231.

The same reasoning would apply to forgery, as it is an older felony than that made by the act of 1842, punishable with greater severity. "To hold otherwise," says the court, in the case in 1 Cold., "would involve the law in confusion," punishing different persons for precisely the same criminal acts differently, as the prosecution might be conducted under the one statute or the other.

But if the facts averred did constitute the offense charged, there would be, of course, no ground of objection, the count being good in form. If they did not constitute such offense, the count would be defective or bad in law. And as it was founded on the same facts charged in the second count, and admitted of the same evidence, and, as we can see, defendant

was not prejudiced in his defense thereby, the verdict being founded on the second count, the conviction would be referred to the second count and stand if good: 1 Sneed, 114; 3 Heis., 222; *Ib.*, 464.

The second count of the indictment charges, in apt words, that defendant did, unlawfully, fraudulently and feloniously, pass and transfer a certain forged report and jail bill, setting out the report and jail bill, in full, approved by the judge and attorney-general, and sworn to by defendant before the clerk of the court, with intent to defraud, well knowing the said report and jail bill to be forged, etc.

Forgery is defined by our statute to be "the fraudulent making or alteration of any writing to the prejudice of another's rights:" New Code, sec. 5492.

The next section is as follows: "Whoever fraudulently passes or transfers, or offers to pass or transfer, any forged paper, knowing it to be forged, with intent to defraud another, is guilty of a felony."

The evidence shows that the jail bills mentioned, were transmitted by defendant with a letter for him, to the comptroller at Nashville, for payment. They were returned to defendant to amend some defect as to clerk's certificate, and were returned to Nashville to the comptroller with the amendment made.

It is insisted by defendant's counsel that the jail bills, having been improperly certified, were not the subject of forgery; that the comptroller was not bound to receive or issue his warrant for the amount.

The argument is, that before the proper certificate of the clerk was made, that the forgery, if any, was

perpetrated, and at a time when the paper could be of no legal effect, for the want of the clerk's certificate. The court charged the jury, if the attorney-general and judge, or either of them, signed the paper, and defendant then inserted new names fraudulently, and afterward procured the signature of the clerk, who did not know what he was signing, and perfected the paper and passed it, it would be forgery.

We think this is correct. Defendant presented his jail bill, with the proper number and names on it, and the attorney-general and judge approved the bill, as containing proper allowances, and then the defendant added thirty or forty other names of persons and amounts due for them, when he knew no such fees were due. After this was done, he, by concealing all the names, procured the clerk to swear him to the correctness of the bill, and attest the oath, and then he sent it to the comptroller regular in form, as required by section 6309 of new Code, obtained a warrant and the money, as before stated. It was clearly a fraudulent alteration of a writing to the prejudice of another's right.

The judge and attorney-general had certified that defendant was entitled to fees for keeping six or eight prisoners. By his alterations he made them certify that he was entitled to fees for keeping forty or fifty. This fraudulent scheme was perfected by defendant's oath before the clerk, that the account was correct, and when he transmitted it to the comptroller, he knew it had been altered by himself, for the purpose of defrauding the State. But it is also insisted that the

offense, if committed at all, was committed in Loudon, and not in Davidson county. The offense charged is, "passing and transferring" the paper. The statute recognizes a diference between altering or offering to pass, and actually passing. In order to complete the "passing" it must be received: 3 Gr. Ev., sec. 110. There must be a receiving of it by the person to whom it is passed: 1 Bish. Crim. Law, sec. 323. If sent by mail, and it never reaches its destination, the sender might be guilty of "offering to pass," but not of "passing." It is not "passed" until received, and the court of the county in which it is received has jurisdiction of the offense: 21 Wend., 533; 2 Barb., 388; 8 Denio, 190; 2 Dallas, 388.

Objections were taken by defendant to the admission of evidence of other forged bills for jail fees passed by defendant than those set out in the indictment. It was held by this court, in a prosecution for forging of county warrants, that the issuance of other forged warrants was admissible to prove the *scienter:* 5 Lea, 219. See also, 3 Greenl. Ev., sec. 111 *a*; 9 Hum., 31; 3 Heis., 62; 13 Lea, 701. Upon making up the jury the judge stated that he had adopted a rule prohibiting the attorney-general and counsel for defendants from asking the juror if he had formed or expressed an opinion, etc., and requiring that the counsel should submit such questions to the court, and he would ask the juror. And such questions should not be directly by counsel of the juror, but through the court.

This court would not, except in a clear case requiring its intervention, interfere with the exercise of

the discretion of the inferior judges as to the manner of conducting the business of their courts. They may make rules for the more speedy or satisfactory disposition of business before them, and no doubt would not adopt a rule that would prejudice parties, nor adhere to one which, from experience, might be found to delay rather than expedite the dispatch of the business of the court. We do not see that any prejudice resulted, or could have resulted to defendant, from the enforcement of the rule in question.

We are satisfied that the verdict of the jury is well sustained by the evidence, and that there is no error in the charge or rulings of the court, and the judgment must be affirmed.