Rafferty *v.* State.

## *RAFFERTY *v.* STATE.

### (*Jackson.* April Term, 1891.)

1. CRIMINAL LAW. *Attempts. False pretenses.*

   By statute the attempt to commit any felony is made a felony. Obtaining money under false pretenses is a felony, and the attempt to commit this offense is likewise a felony.

   Code construed: §§ 5379, 5468, 5472 (M. & V.); §§ 4630, 4701, 4705 (T. & S.).

   Cases cited and approved: DeLacy *v.* State, 8 Bax., 402; Hayes *v.* State, 15 Lea, 66, 67; Clark *v.* State, 86 Tenn., 511.

   Cited as overruled: Nicholson *v.* State, 9 Bax., 258; Marks *v.* Borum, 1 Bax., 94; State *v.* Montgomery, 7 Bax., 161.

2. FALSE PRETENSES. *Attempt to obtain money by, what is sufficient.*

   A person has committed the crime of attempting to obtain money by false pretenses, who, having taken out insurance upon certain personal property belonging to him, afterwards attempts to obtain payment of the policy upon the false representation that the property had been destroyed by fire, made, with full knowledge of the untruthfulness of the representation, for the purpose of defrauding the insurer—the assured presenting proofs of loss known to be false, and at the same time having the property represented to have been lost, in his possession or under his control, and fraudulently concealing the fact of its existence.

3. SAME. *Same. Competent proof of.*

   And the preliminary proofs of loss furnished by the insured to the insurer, and the written statements made by the insured to the insurer's examiner or adjuster in regard to the loss, are competent evidence against the defendant in such case.

4. SAME. *Same. Same.*

   It is also competent for the State to show, in such case, that many of the articles claimed by the insured to have been destroyed by fire were

---

* Omitted by inadvertence from last volume.—REPORTER.

Rafferty *v.* State.

subsequently found in his trunk and valise, in his possession or under his control.

5. SAME. *Same. Same.*

It is also competent for the State to prove, in such case, the statements made by defendant on his examination in his own behalf on a former mistrial of the case, to the effect that he had had thirteen different fires, in as many different cities, within a period of about three years, and under different names; there being other evidence to show that in many of the instances insured had policy, and collected insurance, for the same articles claimed to have been destroyed in this case.

Cases cited and approved: Britt *v.* State, 9 Hum., 30; Defrese *v.* State, 3 Heis., 53; Link *v.* State, 13 Lea, 701; Foute *v.* State, 15 Lea, 712.

6. EVIDENCE.   *Sufficient of existence of foreign insurance company in criminal case.*

Upon trial of a criminal case in which defendant is charged with attempting to obtain money of a foreign insurance company by false pretenses, the certificate of the State Insurance Commissioner to the effect that such company has in all things complied with the laws of this State, and that it is authorized to do business in the State, is admissible on behalf of State, and affords *prima facie* evidence that such company is incorporated.

Code construed: §§ 2575, 2576 (M. & V.).

---

## FROM SHELBY.

---

Appeal in error from Criminal Court of Shelby County.   J. J. DUBOSE, J.

G. P. M. TURNER for Rafferty.

Attorney-general PICKLE for State.

CALDWELL, J. Mrs. Belle Rafferty, the plaintiff in error, is under sentence of two years' imprisonment in the penitentiary for a certain alleged attempt to obtain money under false. and fraudulent pretenses.

Several reasons have been assigned for reversal:

*First.*—It is urged in behalf of the prisoner that no such offense as a mere *attempt* to obtain money under false and fraudulent pretenses is known to our law; and that, if there be such an offense, it is at most only a misdemeanor, and not a felony.

All violations of law punishable by imprisonment in the penitentiary or by the infliction of the death penalty are felonies; and all violations of law punishable by fine or imprisonment in the county jail are misdemeanors. Code (M. & V.), § 6051.

Every false and fraudulent pretense whereby one person obtains the money or other personal property of another, is punishable by imprisonment in the penitentiary (Code, §§ 5468 and 5472), and is, therefore, a felony.

An *attempt* to commit *any felony* is punishable by imprisonment in the penitentiary, or by fine and imprisonment in the county jail, at the election of the jury, unless the punishment be otherwise prescribed by law. Code, § 5379.

The *obtaining of* money or other personal property by false and fraudulent pretense being a felony, and the punishment for *an attempt* to commit that

42—7 P

offense not being otherwise prescribed (as it is not), it follows that such *attempt* is punishable by imprisonment in the penitentiary, and is, therefore, a felony, and not a misdemeanor.

The fact that the punishment for the attempt is in the alternative, either by imprisonment in the penitentiary or by fine and imprisonment in the county jail, does not make it any less an offense punishable by imprisonment in the penitentiary, or take from it the characteristic of a felony.

It is not necessary that the attempts contemplated by § 5379 of the Code should be coupled with a personal assault. It is sufficient, to constitute the offense, if the offender either assault another with intent to commit, or *otherwise attempt to commit* any felony. The language of the statute is as follows: "If any person assault another with intent to commit, or *otherwise attempt to commit* any felony or crime punishable by imprisonment in the penitentiary, where the punishment is not otherwise prescribed, he shall, on conviction, be punished by imprisonment in the penitentiary not exceeding five years, or by imprisonment in the county jail not more than one year, and by fine not exceeding five hundred dollars, at the discretion of the jury." Code, § 5379.

In *Jones* v. *The State*, MS., December Term, 1871, and in *Nicholson* v. *The State*, 9 Bax., 258, this Court held (in accordance with the present contention of counsel for plaintiff in error), that the foregoing statute contemplated only such of-

fenses as were coupled with an assault on the person, and did not include a simple *attempt* to commit the crime of larceny. The former of these cases was cited and approved by the Court in *Marks* v. *Borum*, 1 Bax., 94, and *State* v. *Montgomery*, 7 Bax., 161. But in *DeLacy* v. *The State*, 8 Bax., 402, a contrary construction was suggested as the proper one to be given the statute. All of these cases were reviewed in *Hayes* v. *The State*, 15 Lea, 66 and 67; the construction suggested in DeLacy's case being approved and applied, and the earlier construction being disapproved, and the case of *Jones* v. *The State* overruled expressly, Special Judge S. F. Wilson delivering the opinion of the Court.

*Hayes* v. *The State* was approved and followed in the late case of *Clark* v. *The State*, 2 Pickle, 511, wherein it was decided that one who feloniously opened the cash-drawer of another, believing it to contain money or other valuables, and intending to steal the same, was guilty of an *attempt* to commit larceny, and punishable as for a felony, though the drawer proved to be entirely empty.

*Second.*—Prior to the commencement of this prosecution, Mrs. Rafferty, in person, procured a policy of insurance against loss by fire from an agent of the London and Lancashire Fire Insurance Company, covering her household furniture, wearing apparel, jewelry, books, etc., to the amount of $1,250, said to be contained in a certain framed

building, in the city of Memphis, occupied by her as a family residence.

Seventeen days after the issuance of the policy, and during its life, the building was totally destroyed by fire. Promptly thereafter she personally gave written notice to the agent of the insurance company, and filed itemized proofs of loss, verified by her affidavit as required by the rules of the company, wherein she claimed that she had lost by the fire substantially all the property covered by the policy, to the value of about $1,900; and thereupon she demanded of the company payment of $1,250, the full amount covered by the policy.

In response to the notification of the company, she also appeared before an insurance examiner and deposed that she owned the property set out in her proofs of loss, that it was contained in the building covered by the policy, and destroyed by the fire.

Having complied with all the requirements of the policy, and taken all formal steps necessary to entitle her to the full sum of $1,250, if the loss and her claim of value were *bona fide*, and the company still refusing to settle or make payment, she filed her bill in the Chancery Court, three months and a half after the occurrence of the fire, against the insurance company, to compel it to indemnify her according to its undertaking in the policy.

Soon after the filing of that bill, which is still pending, this prosecution was begun.

It is charged in the indictment in several distinct counts, and in as many different forms of expression, in substance, as follows: That Mrs. Belle Rafferty, with intent to defraud said insurance company, falsely and feloniously prepared and presented to it formal proofs of loss, enumerating therein various articles of wearing apparel and other personal property covered by said policy, which articles she falsely, fraudulently, and feloniously pretended• and represented had been destroyed by said fire; that she then and there falsely and fraudulently, with intent to defraud said insurance company, claimed that she was entitled to be paid for said property so represented to have been destroyed, and demanded full payment of the face value of said policy, when she well knew that all of her said proofs, representations, and pretenses were false, felonious, and fraudulent; that, in truth and in fact, the said articles of property, or the most of them, covered by said policy, and by her pretended and represented to have been destroyed by the fire aforesaid, were not burnt and destroyed at all, but had been by her removed from the building before the fire occurred, with the view and for the purpose of defrauding the insurance company; that she did not, in reality, sustain the loss, and was not damaged as she had claimed and represented, and, as she well knew, was not entitled to collect her said policy; and that by her said several false and fraudulent acts, statements, and representations as aforesaid,

she was guilty of attempting to obtain money (in amount $1,250) by false and fraudulent pretenses.

To sustain this charge the State presented a great deal of evidence. Among other things, it introduced the proofs of loss presented, and written statements made by Mrs. Rafferty in her deposition before the insurance examiner. Objection was made in the Court below, and it is here insisted, that these papers were incompetent, and should have been excluded.

The evidence was entirely competent. It reflected directly on the offense charged in the indictment. In fact, the charge could not have been made out at all without showing what steps the defendant had taken toward the collection of her insurance policy. What she had done looking to that end being, in fact and by the rules of the company, reduced to writing, the written papers themselves were the best, if not the only, evidence that could have been produced to show what representations she had made to the company, and what demands she had made under her policy. That the effect was to use the defendant's own statements in a civil proceeding against her in a criminal action, and that, too, against her will, did not render the evidence incompetent. The very crime imputed to her necessarily involved her acts and statements relative to the matter in which she was engaged. Her representations formed a material part of the offense charged, and, as such, must have been proved to show her *status* before

the law, and make out the case. To reject such evidence would be to hold that the charge could not be established at all, and to nullify the statute.

*Third.*—Some time after the fire a valise and a trunk, belonging to the defendant, were found by persons investigating the case, the former at the hotel where she was stopping, and the latter at a pawnbroker's shop in the city of Memphis, where she had deposited it in an assumed name, before the fire occurred.

The valise and trunk contained many of the articles of wearing apparel, etc., to the value of several hundred dollars, which she had minutely described and enumerated in her proofs of loss, schedule, and deposition as destroyed by the fire. These and other like incriminating facts were proven before the jury.

They had caused the insurance company to investigate her history prior to her location in Memphis, only a few weeks before the fire here in question. That history will appear, in part, from statements hereafter made in this opinion.

Mrs. Rafferty has been twice tried on this indictment. First there was a mistrial, and then the present conviction. On the first trial, while on the witness-stand, testifying in her own behalf, she admitted, on cross-examination, that she had had thirteen different fires, in as many different cities, within a period of about three years, and under different names.

On the second trial she did not testify, but the

Rafferty *v.*. State.

State was allowed to prove her admission made on the first trial. The places at which she had the different fires, and the various names, under which she was known at each place, are, by her own admission, as follows:

Wichita, Kansas, Mrs. Sue' Rafferty; Pueblo, Col., Mrs. S. Rafferty; Nashville, Tenn., Miss Agnes Henry; Cincinnati, Ohio, Mrs. B. McDonald; St. Louis, Mo., Emma Curtis; Dallas, Texas, Mrs. Goodman; Fort Worth, Texas, Belle Woodson; San Antonio, Texas, Mrs. S. B. Ross; Galveston, Texas, Mrs. B. Ross; Denver, Col., Mrs. Belle Robinson; Kansas City, Mo., Mrs. Rafferty; Sedalia, Mo., Mrs. Thomas Lane; Memphis, Tenn., Mrs. Belle Rafferty.

The State was also allowed, over the objection of defendant, to introduce as evidence written documents showing that defendant had been insured at many of said places, and had made proofs of loss and schedule of property, and received insurance money in full in some instances, and in part, by compromise, in others; and that the articles enumerated and represented as destroyed in each case were largely the same as those enumerated and represented as destroyed in this case.

It is now insisted for defendant that all of this proof was incompetent; that it greatly prejudiced her case before the jury; and that she should be awarded a new trial on account thereof.

1. As a general rule, evidence of distinct antecedent acts or transactions is to be rejected as

altogether inadmissible against a person on trial for a particular offense; but where the offense is consummated by a trick, a fraud, or a system of acts or representations, such antecedent acts or transactions are admissible to establish unlawful intent or bring guilty knowledge home to the defendant in the particular case. *Britt* v. *The State*, 9 Hum., 30; *Defrese* v. *The State*, 3 Heis., 53; *Links* v. *The State*, 13 Lea, 701; *Foute* v. *The State*, 15 Lea, 712; Wharton's Crim. Evi. (9th Ed.), Secs. 34 and 53.

Where a defendant is charged with firing a house to defraud the insurers, it has been held admissible for the prosecution to prove that on prior occasions houses occupied by the defendant had been burned, and that he obtained payment for same from separate companies. Wharton's Crim. Evi. (9th Ed.), Sec. 36, and cases cited. The evidence objected to was competent for the purpose we have indicated above. The learned Criminal Judge expressly limited it to such purpose, both when it was introduced and again in his final charge to the jury. Hence, there was no error in its admission.

2. It is true that there was no power to compel the defendant to testify against herself; but, having voluntarily gone on the witness-stand in her own behalf on the former trial, and there made statements against her interest, it was entirely competent for the State, on the second trial, to prove those statements as admissions voluntarily made.

Admissions made under such circumstances may be proven in the same manner and for the same reasons that admissions made out of Court may be proven.

*Fourth.*—The State produced in evidence what purported to be a certified pamphlet copy of the charter of incorporation of the London and Lancashire Fire Insurance Company, of Liverpool, England, that being the company in which defendant had her policy, and from which it was charged that she had attempted to obtain money under false and fraudulent pretenses.

Objection was urged by the defendant's counsel against the admission of this pamphlet, upon the alleged ground that it was not formally authenticated as required by law. It is now contended that the Court erred in overruling the objection and admitting the pamphlet as offered.

Whether the authentication is sufficient to authorize said company to bring and maintain a civil action in the Courts of this State as a foreign corporation is immaterial, and need not be decided in this case.

The certificate of the Insurance Commissioner of Tennessee, to the effect that said company had in all thing complied with the laws of this State, and that it was authorized to transact business at Memphis, was *prima facie* evidence that it was an incorporated company. This certificate was attached to and introduced in evidence with the alleged charter. For the purposes of this prose-

Rafferty *v.* State.

cution, or any action against the company by one of its policy-holders, no further authentication than this certificate can be required. The certificate was the company's authority for doing business in this State. (Code, §§ 2575, 2576), and, having acted thereunder, the company would not be heard to deny its incorporation in fact, and thereby avoid liability to the defendant or any other patron.

The objection is not well taken.

*Lastly.*—The verdict of the jury is abundantly sustained by the evidence. In addition to those recited in this opinion, the record discloses many incriminating facts and circumstances against the defendant.

Let the judgment be /affirmed/