HARRIS *v.* STATE.

*(Nashville,* December Term, 1949.)

Opinion filed February 10, 1950.

Grover N. McCormick and George A. McCormick, both of Memphis, for plaintiff in error.

J. Malcolm Shull, Asst. Atty. Gen., for State.

Mr. Albert Williams, Special Justice, (sitting for Mr. Justice Gailor) delivered the opinion of the Court.

L. J. Harris has appealed in error from a judgment of the Criminal Court of Shelby County where he was found guilty of rape and sentenced to imprisonment for a term of twenty-three years.

The first assignment of error is that the evidence preponderates against the verdict, and is overruled. The prosecutrix said the defendant met her on the street, put his arm around her and held something to the back of her neck which she thinks was a knife, telling her that he would kill her unless she accompanied him. She says she was forced to go with him to a park and that he there accomplished his purpose. He denies the whole matter so that the case turns upon the subject of identity. The jury and the trial judge believed the prosecuting witness and rejected the testimony of seven witnesses, which, if accepted, would have established an alibi. We shall not infringe upon the province of the triers of fact to say what conflicting testimony is to be believed. *Ferguson* v. *State*, 138 Tenn. 106, 196 S. W. 140.

The second assignment is upon the admission of the testimony of a witness who said that she was raped by

the defendant about a week earlier than the date on which he was alleged to have raped the prosecutrix, and under somewhat similar circumstances.

■ ■ This court has frequently discussed the rule that evidence relevant to the issue in a criminal case is admissible notwithstanding the fact that it shows the defendant guilty of a crime for which he is not on trial. Another way of stating the proposition is to begin with the rule that proof of a crime other than that alleged in the indictment, is not admissible against a defendant unless it tends directly to prove him guilty of the offense for which he is on trial, and then proceed to consider the exceptional circumstances which may render such proof directly relevant.

■ The first approach is exemplified by the opinion of Justice Swiggart in the case of *Woodruff* v. *State,* 164 Tenn. 530, 51 S. W. 2d 843, and the second by the opinion of Justice Hall in the case of *Mays* v. *State,* 145 Tenn. 118, 238 S. W. 1096. But however viewed we at last reach this result, that to render relevant evidence of a crime for which a defendant is not being tried, its purpose and effect must be to show something more than the fact that the defendant is the kind of person who would not scruple to commit the kind of offense for which he is on trial. Vicious instincts are too common and the probability of prejudice too great to justify us in according probative force to the mere fact that a defendant, prior or subsequent to the offense under investigation, has been guilty of a like crime. *Boyd* v. *U. S.,* 142 U. S. 450, 12 S. Ct. 292, 35 L. Ed. 1077; *People* v. *Molineux,* 168 N. Y. 264, 61 N. E. 286, 62 L.R.A. 193, Annotations 70 A.L.R. 910; 63 A.L.R. 602; 27 A.L.R. 351; 3 A.L.R. 1537.

Many cases in the Tennessee Reports discuss this principle of evidence and its application, and it is, of course, upon its application that difficulties are sometimes met, because crimes differ so widely in their factual aspects that closely fitting precedents are not always available. *Miller* v. *State,* Tenn. Sup., 225 S. W. 2d 62; *Turner* v. *State,* 187 Tenn. 309, 213 S. W. 2d 281; *Wrather* v. *State,* 179 Tenn. 666, 169 S. W. 2d 854; *Waller* v. *State,* 178 Tenn. 509, 160 S. W. 2d 404; *Warren* v. *State,* 178 Tenn. 157, 156 S. W. 2d 416; *Thompson* v. *State,* 171 Tenn. 156, 101 S. W. 2d 467; *Woodruff et al.* v. *State,* 164 Tenn. 530, 51 S. W. 2d 843; *Mays* v. *State,* 145 Tenn. 118, 238 S. W. 1096; *Vinson* v. *State,* 140 Tenn. 70, 71, 203 S. W. 338; *Parrish* v. *State,* 129 Tenn. 273, 164 S. W. 1174; *Gardner* v. *State,* 121 Tenn. 684, 120 S. W. 816; *Holder* v. *State,* 119 Tenn. 178, 104 S. W. 225; *Sykes* v. *State,* 112 Tenn. 572, 82 S. W. 185, 105 Am. St. Rep. 972; *Clapp* v. *State,* 94 Tenn. 186, 30 S. W. 214; *Rafferty* v. *State,* 91 Tenn. 655, 16 S. W. 728; *Foute* v. *State,* 83 Tenn. 712; *Links* v. *State,* 81 Tenn. 701; *Murphy* v. *State,* 77 Tenn. 373; *State* v. *Poe,* 76 Tenn. 647; *McAdams* v. *State,* 76 Tenn. 456; *Sartin* v. *State,* 75 Tenn. 679; *Dobson* v. *State,* 73 Tenn. 271; *Hall* v. *State,* 71 Tenn. 552; *State* v. *Becton,* 66 Tenn. 138; *Logston* v. *State,* 50 Tenn. 414; *Wilcox* v. *State,* 50 Tenn. 110; *Defrese* v. *State,* 50 Tenn. 53, 8 Am. Rep. 1; *Wiley & Massey* v. *State,* 43 Tenn. 362; *Hudson* v. *State,* 43 Tenn. 355; *Britt* v. *State,* 28 Tenn. 31; *Williams* v. *State,* 27 Tenn. 585, 593; *Kinchelow* v. *State,* 24 Tenn. 9; *Powers* v. *State,* 23 Tenn. 274; *Peek* v. *State,* 21 Tenn. 78.

No objection can be raised to admitting proof of independent crimes when such proof is necessary to establish identity. *Warren* v. *State, supra; Mays* v. *State, supra;* 20 Am. Jur., Section 312, pp. 292-293; 22 C. J. S.,

640

Criminal Law, Section 684, p. 1097. And this is true whether the proof of independent crime is incidental to the establishment of identity (*Sartin* v. *State, supra; State* v. *Becton, supra*) or is the basis thereof. *Warren* v. *State, supra.*

Sometimes to establish identity it becomes relevant to show similarity of the plan or method by which more than one crime has been accomplished. Such instances should be carefully distinguished from those in which evidence of plan or method is offered to establish guilty knowledge or to negative the likelihood of fortuity, for the tests of direct relevancy are by no means the same.

For example, in *Warren* v. *State*, 178 Tenn. 157, 156 S. W. 2d 416, the plan or method of two crimes was admissible to establish identity, while in *Thompson* v. *State*, 171 Tenn. 156, 101 S. W. 2d 467, the evidence of plan or method was admissible to indicate guilty purpose and to render improbable the possibility that a building had been burned by accident. Although proof of the plan or method pursued in the commission of independent crimes became directly relevant in both instances, it did not become relevant for the same purpose, wherefore the criteria by which its relevancy was determined were not the same.

In the Warren case it was necessary to show a peculiarity of the plan or method pursued in the commission of the independent crime because only by its unusual aspect could the existence of a plan or method establish identity, while in the Thompson case the evidence of the plan or method pursued needed to prove no more than that the defendant had schemed to burn houses, and any plan or method of accomplishment,

whether unique or unusual, would be relevant to indicate guilty purpose in the instance under investigation.

In the present case evidence of the rape for which the defendant was not on trial could be accepted, if at all, to identify him as the person who committed the rape alleged in the indictment, for of course there was no room for a question of guilty knowledge or accident. In such a case the proof depended on to show that the two crimes were committed by the same person must establish some peculiarity of plan or method common to the two offenses, otherwise evidence showing the defendant guilty of the collateral crime could do no more than indicate an evil propensity. Such propensity is not considered relevant to identify and the probable prejudicial effect of such evidence lies at the root of the rule excluding it  *Boyd* v. *U. S., supra;* 20 Am. Jur. (Evidence), Section 316. Accordingly, the fact that a defendant has raped one woman has been held inadmissible as proof that he has raped another. *Walker* v. *State,* 23 Ariz. 59, 201 P. 398; *State* v. *Putney,* 110 Or. 634, 224 P. 279; *Bridewell* v. *State,* 134 Tex. Cr. 77, 114 S. W. 2d 259.

It may be, however, that a particular strategem or method has such unusual particularities that reasonable men can consider that it would not likely be employed by different persons. *Wrather* v. *State, supra.* Many men commit murder, but Jack the Ripper used his knife in a manner so peculiar that when his crimes were viewed together there could be little doubt that they were committed by the same man. Merely the fact, however, that a series of such crimes may be committed with a knife will not render them unusual enough to identify the perpetrator of one as the perpetrator of the others. Some-

times to establish the identity of a sexual pervert, evidence of an unusual perversion has been received, but this is no more than the application of a corollary of the rule above stated, that a defendant's methods in the commission of a crime may be sufficiently unusual to amount to a signature. *Barnett* v. *State,* 104 Ohio St. 298, 135 N.E. 647, 27 A.L.R. 351.

■ This court has said that where the sole question is the identity of the accused, the State may properly be permitted to cover a wide range in seeking proof of other crimes which cannot be reasonably believed to have been committed except by the same criminal who committed the offense under investigation, and thereby establish the identity of the person responsible. *Warren* v. *State, supra.*

■ Thus we are brought to the point of considering, in the present case, whether the similarity of the two crimes, which separate witnesses testified the defendant had committed, were so similar in their circumstances as to warrant the reception of proof of one as relevant to prove the other. In this case the crimes were a week apart in time. They were both rapes and both were committed by coercion. In each instance the witness thought that a knife had been used although neither was able to say that she had seen the knife. The two crimes were not committed at the same place. The methods pursued were not so peculiar as to render it unlikely that lustful men bent upon the crime of rape might not have pursued identical methods. There was, on the other hand, some lack of similarity in the manner in which criminal lust manifested itself in the two instances, in that one of them involved a perversion.

Since the whole case turns upon the identity, the rule under which proof of similar crimes is admitted should not be too narrowly construed, but the trouble here is that even under a liberal construction the fact that the defendant committed one of the crimes sheds little light on the question of whether he committed the other.

The trial judge, in overruling the objection to the admission of proof of an independent crime referred to the facts set forth in the case of *Warren* v. *State, supra,* the circumstances of which case he remembered. His Honor was correct in his judgment that there was an analogy between that case and the present one. The *Warren case,* however, marks a limit beyond which this court has not gone in permitting the proof of an independent crime for the purpose of identification, and it would considerably extend the application of the rule there employed to apply it in the present case.

The *Warren case* involved robbery and the incident held to be admissible to establish identity was another robbery, a few nights later, at the same locality and at the same time of night, where a car was approached and held up by a man "dressed in black cap and overalls with his face smeared with dark grease or paint, carrying a pistol in one hand and a flash light in the other." [178 Tenn. 157, 156 S. W. 2d 417] It is probable that the black paint or grease smeared over his face was considered such an unusual thing that this, in connection with the other circumstances, warranted the admission of the identifying evidence to justify a conclusion that the man who committed one crime was the man guilty of the other.

The two cases are somewhat similar but certainly the proof in the *Warren case* gave more ground for an in-

ference that the crimes were committed by the same person. In the present case a jury would not have been warranted in this conclusion by the circumstances of the two crimes, but only by the assertion of the witness as to the actual identity. Since the *Warren case* still marks the boundaries beyond which this court has not been willing to go in permitting the admission of evidence of one crime to establish the identity of a defendant accused of committing another, we are constrained to hold that the circumstances in the present case, since they take us beyond this established boundary, are such as to warrant reversal.

The judgment is accordingly reversed and the cause remanded.

All concur.