**STATE of Tennessee, Appellee,**

v.

**Gary P. ROBERSON, Appellant.**

Court of Criminal Appeals of Tennessee, at Knoxville.

July 24, 1992.

Permission to Appeal Denied Dec. 7, 1992.

Thomas E. Cowan, Jr., Elizabethton, for appellant.

Charles W. Burson, Atty. Gen., and C. Anthony Daughtrey, Asst. Atty. Gen., Nashville, David E. Crockett, Dist. Atty. Gen., and Kenneth C. Baldwin, Asst. Dist. Atty. Gen., Elizabethton, for appellee.

## OPINION

BIRCH, Judge.

The Criminal Court of Carter County entered judgment upon a jury verdict convicting Gary P. Roberson, the defendant, of operating a motor vehicle while under the influence of an intoxicant (third offense)[1] and resisting arrest[2]. For driving while intoxicated, the trial judge imposed a sentence of eleven months twenty-nine days. After serving 150 days of this sentence in jail, the defendant is to be on probation for the remaining term. Also, for resisting arrest the defendant must serve an additional five days in jail.

In this appeal of right, the defendant presents for our resolution a single issue:

Whether the trial judge erred reversibly in admitting, during the state's case-in-chief, details concerning the defendant's prior conviction for operating a motor vehicle while under the influence of an intoxicant.

The judgment is affirmed.

## I

For discussion purposes, it is necessary to summarize the facts pertinent to each of the two offenses.

As to the present offense, which occurred February 18, 1990, the record establishes that Jack Verran, a sheriff's deputy, observed a car travelling 60 miles-per-hour in a 35 miles-per-hour zone. The car was weaving from lane to lane; the deputy decided to apprehend the driver. The driver ignored the blue lights and siren, although he slowed to approximately 15 miles-per-hour. The car pulled into the defendant's yard. Trooper Carroll Glover, who had joined the pursuit, pulled in right behind the car. The driver jumped out of the car and began running. He made his way across a river to get to a small island. Deputy Alonzo Perkins chased him and subdued him after a struggle. The person Perkins subdued and arrested was the defendant. In addition to having red eyes and the smell of alcohol, Roberson was profoundly disoriented, indeed, he was too drunk to walk. At the police station, Roberson refused to submit to breath-alcohol testing. Officers testified that Roberson was driving the vehicle and no other person was in the car with him.

In the prior offense, Sheriff's Deputy Anthony Brewer established that at 1:47 a.m. on October 27, 1984, he was on patrol and observed the defendant driving a car at an excessive rate of speed. Brewer followed the car. When Roberson turned onto a side road, Brewer turned on his lights and siren. Roberson ignored these signals and continued down the road at a low rate of speed. Eventually, Roberson stopped his car, jumped out, and attempted to escape. He was apprehended after a struggle. Roberson refused to submit to breath-alcohol testing. He was convicted of this offense.

■ This issue concerns relevance, and we must begin with the well-recognized rule that proof of a crime other than that alleged in the indictment is not admissible against a defendant. Tenn.R.Evid. 402, 403; *State v. Parton*, 694 S.W.2d 299 (Tenn.1985); *State v. Rounsaville*, 701 S.W.2d 817 (Tenn.1985).

---

1. T.C.A. § 55–10–401 (1988).

2. T.C.A. § 40–7–108.

■ There are, however, exceptions to this rule, and one exception pertains to proof of identity. When evidence that the defendant committed another crime is offered to prove his identity as the perpetrator of the crime on trial, the *modus operandi* of the other crime and of the crime on trial must be substantially identical and must be so unique that proof that the defendant committed the other offense fairly tends to establish that he also committed the offense with which he is charged. *Bunch v. State,* 605 S.W.2d 227 (Tenn. 1980). The court in *Bunch* quoted with approval from *United Stated v. Powell,* 587 F.2d 443 (9th Cir.1978), as follows:

> The probative value of evidence of other crimes where the issue is identity depends upon the extent to which it raises an inference that the perpetrator of the prior offenses was the perpetrator of the offense in issue. Both the existence and the strength of an inference proceeds through an evaluation of the similarities between the prior offense and the charged crime. Thus, if the characteristics of both the prior offense and the charged offense are not in any way distinctive, but are similar to numerous other crimes committed by persons other than the defendant, no inference of identity can arise. An inference of identity from prior crimes can only arise when the elements of the prior offenses and the charged offense, singly or together, are sufficiently distinctive to warrant an inference that the person who committed the prior offense also committed the offense on trial.... The probative value of evidence of other crimes on the issue of identity always depends upon the strength of the inference; when the inference of identity is weak, evidence of prior crimes should be excluded because under such circumstances the prejudicial effect of the evidence inevitability outweighs the probative value of that evidence.

■ Two additional requirements to the admission of such evidence apply: the first is that it must be offered on an issue which is actually contested in the case on trial. *State v. Smith,* 751 S.W.2d 851 (Tenn.Crim. App.1988). The second is that the trial judge must weigh the evidence and determine whether its probative value outweighs its prejudicial effect. *State v. Smith,* 755 S.W.2d 757 (Tenn.1988).

Defendant's counsel presaged the identity issue during his opening statement and maintained throughout the trial that the defendant was a passenger in the car as this episode unfolded, and that Melvin Smith, now deceased, was driving the car at the time. Thus, the record firmly establishes that identity was actually an issue. Indeed, it was the only issue.

■ In the case under review, the trial court found that the two cases share several points of commonality:

1. The car was first observed speeding; it slowed when the police car began following it;

2. The driver failed to heed the lights and siren;

3. The driver abruptly stopped the car, jumped out, and ran; and

4. The driver was belligerent and resisted apprehension.

The state insists that the common points listed above raise an inference that the perpetrator of the prior offense perpetrated the offense on trial. In our view, mere similarity in the manner in which two crimes are committed does not produce the relevance necessary for admission—uniqueness does. For not only must the offenses have been committed similarly, but they must also have been committed in a unique and distinctive manner. Obviously, the more unique and distinctive the methods, the more appropriate is the inference. The converse also obtains: that is, the less unique and distinctive the methods, the less appropriate the inference.

The converse applies to the case under review. Interpreting the facts most liberally, we find nothing in the methods of commission of the offenses characterizable as distinctive or unique enough to raise the inference that the person proved to have committed the prior offense also committed the offense on trial. To rule otherwise

would, in our opinion, require an extension of *Bunch* to a point beyond our authority.

■ Although the trial judge, in our view, exceeded his discretion in allowing the introduction of this evidence, no reversal results. We consider that the questioned evidence was in no sense critical or determinative, especially in light of the cogent eye-witness proof of identity and the apparently incredible theory of the defendant. We are satisfied that conviction would have followed without the introduction of this evidence. *See* Tenn.R.App.P. 36(a) and Tenn.R.Crim.P. 52(b).

The judgment of the trial court is affirmed.

BYERS, P.J., concurs with attached concurring opinion.

WADE, J., concurs in both opinions.

BYERS, Presiding Judge, concurring.

I concur with Judge Birch's opinion in this case but I wish to further express my view on the introduction of the evidence of a prior D.U.I. offense committed by the defendant.

I agree that it was error for this evidence to be introduced. I agree this is harmless error in this case because the evidence of the defendant's guilt is so overwhelming that no one could entertain any doubt of his guilt upon hearing the admissible evidence, outlined in the majority opinion, unpolluted by the improperly admitted evidence. In this posture, it appears clear the error is harmless beyond a reasonable doubt.