STATE of Tennessee, Appellee,

v.

Alphonso ROUNSAVILLE, Appellant.

Supreme Court of Tennessee,
at Knoxville.

Dec. 9, 1985.

William B. Mitchell Carter, Kenneth C. Beckman, Hugh J. Moore, Jr., Arthur D. Wulforst, Chattanooga, for appellant.

Kymberly Lynn Anne Hattaway, Asst. Atty. Gen., (W.J. Michael Cody, Atty. Gen. & Reporter, Nashville, of counsel), Gary D. Gerbitz, Dist. Atty. Gen., William H. Cox, III, Jerry Sloan, Asst. Dist. Attys. Gen., Chattanooga, for appellee.

## OPINION

HARBISON, Justice.

Appellant was indicted for the forgery of the name of the payee on a United States Treasury check in the amount of Sixty-two Dollars, the indictment apparently charging a violation of T.C.A. § 39-3-802 which defines forgery in general. In a second count he was charged with fraudulently attempting to pass this forged check at a Chattanooga bank on December 30, 1982, in violation of T.C.A. § 39-3-804.

Appellant pled guilty to the second offense and received therefor a penitentiary sentence of five years, which is not in issue here.

He pled not guilty, however, to the first count, forgery, and the case initially went to trial on that count alone. After the jury found appellant guilty on that charge, a separate hearing was held on a third count of the indictment charging the appellant with being an habitual criminal. He was also convicted on that count and sentenced to life in the penitentiary. His conviction

of forgery in the present case was his eleventh felony conviction.

Both in the Court of Criminal Appeals and in this Court appellant has challenged the "proportionality" of his sentence as an habitual offender, contending that his many convictions were for relatively minor offenses, although all of them are felonies. In addition, however, he also strenuously challenged the sufficiency of the evidence of his guilt of the actual forgery of the check in question, and he strongly objected to the admission of certain evidence at trial of his allegedly having attempted to pass a forged instrument at the same bank two days prior to December 30, 1982. All of these issues were properly preserved by a motion for a new trial, which was overruled by the trial court.

The Court of Criminal Appeals held that the convicting evidence was sufficient, and we agree with that conclusion. Only two witnesses testified at the trial. Appellant did not testify or call any other witnesses, although he did make an offer of proof to the effect that he had given handwriting exemplars to police officials. No such exemplars were introduced in evidence, nor did any witness attempt to testify, as an expert or otherwise, that the forged endorsement on the check in question was in the handwriting of appellant. The trial judge refused to permit appellant's counsel to call a police official to establish that handwriting samples had been taken. The correctness of that ruling, however, has not been pursued on appeal.

One of the witnesses called at trial was the actual payee of the check, Randolph Bass, who testified that he received monthly disability checks from the Veterans' Administration. The checks normally came near the end of one month or in the early part of the next. He testified that he did not receive his December 30, 1982 disability check, and that the check which appellant attempted to pass at the bank had never been received by him nor endorsed by him. Actually the endorsement contained a misspelling, the first name being spelled "Radolf" instead of "Randolph." Mr. Bass neither endorsed the check nor authorized anyone else to do so, and he never saw the instrument until after it was in the hands of the police. He was acquainted with appellant from having seen him on previous occasions.

The only other witness was a Ms. Gail Lane, a teller at a Chattanooga bank. She testified at a jury-out hearing and also in the presence of the jury. She testified that on December 30, 1982 appellant came into the bank and first "went to the station where the pen and the deposit slips are, in the lobby." She could not tell what he was doing there, but after a short time he came to her window and attempted to make a deposit. He must have presented a deposit slip to her as well as the check bearing the forged endorsement, but the deposit slip apparently was not preserved and was never introduced in evidence. Ms. Lane testified that appellant attempted to deposit a small amount of the check, which was in the amount of $62, and to withdraw the remainder in cash.

Ms. Lane testified that the "account number" to which appellant attempted to make the deposit—apparently a number written on the deposit slip—was "invalid." She checked it against bank records and found that there was no valid account under the number shown on the deposit slip. Ms. Lane testified that appellant represented to her "that he was the endorsee" on the check. She asked him for identification, but he had none. Accordingly she refused to return the check to him, stating that it did not belong to him, and he then left the bank. She activated hidden cameras which took five clear pictures of appellant. There is no question but that he is the person who attempted to pass the check bearing a forged endorsement. Indeed, as previously stated, he pled guilty to that count of the indictment and is serving a sentence therefor. There was simply no issue in the case as to his identity or as to the fact that he was in possession of an instrument bearing a forged endorsement and attempted to pass it fraudulently.

T.C.A. § 39-3-804 provides:

"Any person who fraudulently passes or transfers, or offers to pass or transfer, any forged paper, knowing it to be forged, with intent to defraud another, is guilty of a felony."

█ Since appellant's guilty plea to that charge was before the jury, together with positive evidence that he entered the bank, paused at a writing station, and then attempted to deposit the check, there was sufficient evidence to justify an inference by the jury that he had himself forged or participated in the forgery of this recently stolen instrument. *See Brenner v. State,* 217 Tenn. 427, 398 S.W.2d 252 (1965); *Ratliff v. State,* 175 Tenn. 172, 133 S.W.2d 470 (1939); *Keebler v. State,* 3 Tenn.Cr.App. 447, 463 S.W.2d 151 (1970).

Accordingly we overrule the issue as to the sufficiency of the evidence. Nevertheless it should be emphasized that the evidence against appellant was entirely circumstantial. There was no direct evidence as to how he came into possession of the check belonging to Mr. Bass or that he actually altered the instrument or forged the endorsement. In the absence of testimony concerning his handwriting or his affiliation with others who might have altered it, his conviction of forgery, as distinguished from the separate offense of attempting to pass a forged instrument, rested entirely upon inferences which might or might not be drawn by a trier of fact.

It is under these circumstances that the admissibility of certain testimony concerning an incident two days earlier must be considered. This testimony was challenged by a motion in limine, further objected to at a separate jury-out hearing at which the witness testified, and was assigned as error on a motion for a new trial as well as on appeal.

The testimony was by Ms. Lane, the bank teller, who stated that about two days prior to the incident for which appellant was convicted in the present case, he came into the bank and presented to a teller next to her a government check which she saw at a distance and which was in the approximate amount of $300. She testified that he attempted on that occasion, as he did again on December 30, to deposit a small amount of the check to an account and to receive the balance in cash. She testified that the account to which he attempted to make the deposit was "invalid." The check and apparently also the accompanying deposit slip were returned to appellant who then left the bank. She also testified that the appellant identified himself to the adjacent teller by a name other than that which she had learned to be his true name, Alphonso Rounsaville. She did not recall what name he actually used. She stated that the other check bore an endorsement which was not in the name of Rounsaville but was in "some other name."

She testified that the teller adjacent to her returned it to the defendant and that it was later negotiated by another teller.

This was the total evidence of a "prior offense" offered in the presence of the jury. Ms. Lane gave further details of the transaction out of the presence of the jury, but her testimony in this regard was hearsay. The other teller and the owner of the other check were not called as witnesses, nor was the instrument itself exhibited.

As previously stated, counsel for appellant strenuously objected throughout the proceedings to the admission of this evidence which, of course, did not in fact show that the check involved on the earlier occasion was actually a forged instrument, or that the appellant knew that it was forged. It was simply a government check which appellant sought to deposit to an "invalid" account in some name other than his own. The circumstances under which still a third teller "negotiated" the check were not shown.

The theory of the State in offering this testimony apparently was to attempt to permit the jury to infer that the other check was forged by appellant.

█ It is, of course, necessary in order to establish a case of forgery that the accused fraudulently made or altered an instrument to the prejudice of another. T.C.A. § 39–3–802. Guilty knowledge and

intent on the part of the accused are essential elements of the offense, and apparently the District Attorney contended that the attempt by appellant to pass another instrument on a previous occasion—although it was not established that it was a forged instrument—was relevant in some way to establish that intent with regard to the instrument for which he was on trial.

The trial judge held a jury-out hearing and ultimately concluded that the evidence of the previous conduct of the accused

"... has some relevancy—some probative value toward—well, what it really does is sort of bolsters the state's theory that...."

On this basis he apparently admitted the testimony into evidence.

The Court of Criminal Appeals affirmed his action with the following statement:

"In *Bunch v. State*, 605 S.W.2d 227, 229, Tenn.1980, our Supreme Court set forth the circumstances under which evidence of other crimes may be admitted. Such evidence may be admitted when it is relevant to such issues as motive, intent, identity, absence of mistake or accident if that is the defense, and, rarely, the existence of a larger continuing plan, scheme or conspiracy of which the crime on trial is a part. In this case the evidence showed the existence of a larger continuing plan or scheme by the appellant to pass forged checks. His *modus operandi* was exactly the same. In fact, he even came to the same branch of the American National Bank to attempt to cash both forged government checks. The evidence was properly admitted and this issue is without merit."

■ We respectfully disagree. In the first place the evidence offered before the jury only partially, if at all, established another "crime." Had appellant been on trial for attempting to pass the forged instrument, competent other evidence of the other incident might have been admissible on the elements of the attempt on trial. As we have already stated, appellant had pled guilty to attempting to pass a forged instrument, so that there was no issue before the jury with respect to that offense. He was being tried for forgery on a purely circumstantial case in which the jury was asked to infer his guilt from quite suspicious circumstances. The partial testimony concerning the previous incident might have been further developed by the testimony of the owner of the other check or of the other tellers involved, but it was not. Thus no "prior offense" was clearly established in the testimony which the jury heard,[1] but the testimony was certainly most prejudicial to the appellant in this case.

In the jury-out hearing, apparently the trial judge only considered whether the evidence offered might have "some relevancy" or whether it might tend to "bolster the state's theory".

That, of course, is not the purpose of a jury-out hearing when evidence of prior offenses is being considered. Rather, the trial judge is required to weigh the probative value of the tendered evidence against its prejudicial effect and to determine whether, under those circumstances, it should be admitted.

In our opinion the testimony offered was quite prejudicial in view of the inferential and circumstantial nature of the case against appellant, and its probative value, if any, was very slight with reference to the issue of appellant's actually forging or aiding or abetting the forgery of the instrument for which he was on trial.

■ The starting point in considering testimony regarding prior offenses, when offered as substantive evidence of guilt and not merely for purposes of impeachment, is a rule of exclusion. As recognized by the Court of Criminal Appeals, only "rarely" is such testimony admissible for the purpose of establishing a common scheme or plan, and we do not believe that any such common scheme or plan was es-

---

1. Proof of prior crimes must be "clear and convincing." *Wrather v. State*, 179 Tenn. 666, 678, 169 S.W.2d 854 (1943).

tablished by the evidence in this case. If the evidence was admissible at all, it was more likely admissible with respect to appellant's intent or guilty knowledge, both of which are requirements in a forgery case, but as previously stated the evidence was very sketchy and incomplete in the first place and only remotely relevant to the particular issues on trial if it had been fully developed.

This Court dealt with the admissibility of evidence of prior offenses in the recent case of *State v. Parton,* 694 S.W.2d 299 (Tenn.1985) and stressed that such evidence may be admitted (1) when it is relevant to some matter actually in issue in the case on trial and (2) if its probative value is not outweighed by its prejudicial effect upon the defendant.

In that opinion, 694 S.W.2d at 302, the Court quoted the following from *Bunch v. State,* 605 S.W.2d 227, 229 (Tenn.1980):

"In *Harris v. State,* 189 Tenn. 635, 227 S.W.2d 8 (1950) this Court stressed that evidence that the defendant had committed a crime other than that on trial was not admissible unless such evidence tended directly to prove his guilt of the offense with which he was charged and that to render such evidence of another crime relevant to the case on trial, its purpose and its effect must be to show more than the mere fact that the defendant is the kind of person who would not scruple to commit the kind of offense with which he is charged and that probative force could not be accorded to the mere fact that the defendant, either prior or subsequent to the commission of the offense on trial, had committed another like crime."

The Court further stated:

"The State is confusing intent and motive with propensity and disposition to commit a crime. Evidence of other offenses is not admissible for the purpose of showing propensity or disposition on the part of the defendant to commit the crime for which he is on trial." 694 S.W.2d at 303.

We sustain appellant's issue with respect to the admission of the prior incident testified to by Ms. Lane in the context and under the circumstances shown in this record. Whether or not that incident could be properly proved with other testimony from additional witnesses or under other circumstances than shown here are matters upon which we cannot pass. It must be recalled, however, that the accused is charged with the forgery of an instrument, not with the passing of a forged document, and any evidence of his prior conduct must be relevant to the offense of forgery, and not to the separate offense of transferring forged paper.

The judgment of the courts below is reversed and the cause is remanded for a new trial. Costs of the appeal are taxed to the State. In view of this disposition of the case, it is inappropriate to consider the issue of appellant's punishment as a recidivist.

COOPER, C.J., and FONES, BROCK and DROWOTA, JJ., concur.