# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE

## AT JACKSON

### FEBRUARY 1999 SESSION

FILED

June 15, 1999

Cecil Crowson, Jr.
Appellate Court Clerk

| | | |
|---|---|---|
| STATE OF TENNESSEE, | ) | |
| | ) | C.C.A. NO. 02C01-9801-CR-00022 |
| Appellee, | ) | |
| | ) | SHELBY COUNTY |
| VS. | ) | |
| | ) | HON. L. T. LAFFERTY, |
| WILLIE J. CUNNINGHAM, | ) | JUDGE |
| | ) | |
| Appellant. | ) | (Aggravated Robbery & Especially Aggravated Kidnapping) |

FOR THE APPELLANT:                    FOR THE APPELLEE:


**A C WHARTON**
District Public Defender

**TONY N. BRAYTON**
Asst. Public Defender
    (On Appeal)

**TIMOTHY ALBERS**
Asst. Public Defender
201 Poplar Ave., 2nd Fl.
Memphis, TN 38103
    (At Trial)

**JOHN KNOX WALKUP**
Attorney General & Reporter

**GEORGIA BLYTHE FELNER**
Asst. Attorney General
Cordell Hull Bldg., 2nd Fl.
425 Fifth Ave., North
Nashville, TN 37243-0493

**WILLIAM L. GIBBONS**
District Attorney General

**CHARLES W. BELL, JR.**
Asst. District Attorney General
201 Poplar Ave., 3rd Fl.
Memphis, TN 38103


OPINION FILED:_____


**AFFIRMED**


**JOHN H. PEAY,**
Judge

**O P I N I O N**

The defendant was found guilty by a jury of aggravated robbery and especially aggravated kidnapping. The trial court sentenced the defendant to a term of ten years for aggravated robbery and a term of twenty years for especially aggravated kidnapping. These sentences were to be served in the Tennessee Department of Correction and were to run consecutively. The defendant now appeals and presents the following issues for our review:

1. Whether the trial court erred in admitting evidence of another alleged crime committed by the defendant;

2. Whether the facts of the case support convictions for both aggravated robbery and especially aggravated kidnapping; and

3. Whether the trial court erred in ordering the defendant's sentences to be served consecutively rather than concurrently.

The proof at trial established that on October 10, 1996, the victim, Xandra Todd, went to a store on Getwell Street to fill a prescription. After parking her car, a burgundy Chevrolet Caprice, the victim noticed a shadow behind her car. Since she was preparing to get out of her car, her driver's side door was partially open and the window was halfway down. She turned and saw the defendant walking up the driver's side of her car with his hand in his pants. The victim "realized that something wasn't right" and put the car in drive. At this point, the defendant put his arm in the partially open door and said, "If you pull off I'm going to blow your brains out." The defendant had a gun in his hand and told the victim to "scoot over." The victim testified that she moved over to the passenger side of the car and tried to open the door. The defendant told the victim that if she got out of the car he would "blow [her] brains out." The defendant sat in the driver's

2

seat and drove the victim's car out of the parking lot. The defendant told the victim that if he found out the police were looking for him, he would find her and kill her. The defendant asked the victim for money, but she claimed she did not have any. The victim testified that while she was held captive in the car, the defendant pointed the gun at her several times and threatened to kill her. The victim further stated that the defendant threatened her life after she looked at him. The victim testified that she was able to get a good look at the defendant's face and looked at him several times to make sure she could identify him later. The defendant ultimately released the victim in a school parking lot.

At trial, the State presented Fernando Boyd to testify as to the defendant's whereabouts after the robbery on Getwell Street. Mr. Boyd testified that on October 10, 1996, the defendant picked him up in a burgundy Chevrolet Caprice. According to Mr. Boyd, the two men drove to Holly Springs, Mississippi. They stopped at a gas station in Holly Springs. The two men saw a young lady pumping gas into a car whereupon the defendant told Mr. Boyd something to the effect of, "I'm going to get that bitch like I got that one on Getwell." The defendant walked over to the young lady, spoke with her, and she went inside the store. The defendant then sat in her car and the young woman in the passenger seat of the car went into the store. The defendant drove away in the car and Mr. Boyd followed the defendant in the burgundy Chevrolet Caprice. The men subsequently encountered a road block, and although the defendant was allowed through the roadblock, Mr. Boyd was instructed to pull over to the side of the road because he did not have a driver license. Mr. Boyd waited a few minutes and then pulled back onto the highway. A car chase ensued and Mr. Boyd was subsequently apprehended. According to Mississippi Highway Patrol Officer Barrett, during the chase there was a report over the radio that the driver of the Chevrolet Caprice was wanted with regard to a carjacking

3

in Holly Springs and was armed.

The defendant now contends that the trial court erred in admitting evidence of the Mississippi carjacking. Under Rule 404(b), "[e]vidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show action in conformity with the character trait." Nonetheless, such evidence may be admissible to prove identity (including motive and common scheme or plan), intent, knowledge, completion of the story, opportunity, or preparation, or to rebut a claim of mistake or accident if asserted as a defense. See State v. McCary, 922 S.W.2d 511, 514 (Tenn. 1996); see also State v. Ray Anthony Nelson, No. 03C01-9706-CR-00197, Hamilton County (Tenn. Crim. App. filed September 9, 1998, at Knoxville). The conditions that must be satisfied before allowing evidence of other crimes, wrongs, or acts are:

> (1) The court upon request must hold a hearing outside the jury's presence;
>
> (2) The court must determine that a material issue exists other than conduct conforming with a character trait and must upon request state on the record the material issue, the ruling, and the reasons for admitting the evidence; and
>
> (3) The court must exclude the evidence if its probative value is outweighed by the danger of unfair prejudice.

Tenn. R. Evid. 404(b). The trial court must also find "clear and convincing" evidence that the defendant committed the other crime. State v. Hall, 958 S.W.2d 679, 707 (Tenn. 1997); McCary, 922 S.W.2d at 514; see State v. Parton, 694 S.W.2d 299, 303 (Tenn. 1985); Tenn. R. Evid. 404 Advisory Commission Comment. When a trial court substantially complies with the procedural requirements of this rule, its determination will not be overturned absent an abuse of discretion. State v. DuBose, 953 S.W.2d 649, 652 (Tenn. 1997). Where a court fails to substantially comply with this rule's procedural requirements, the court's decision is afforded no deference. Id.

4

Here, the trial court held a jury-out hearing, during which Mr. Boyd's testimony was proffered. The trial court determined that proof of the Mississippi carjacking was offered to prove identification, intention, and guilty knowledge, all contested issues in this case. The trial court further found that the probative value of this evidence outweighed any danger of unfair prejudice. The trial court did not, however, find that there was clear and convincing evidence that the carjacking in Mississippi actually occurred. The initial question, then, is whether the trial court substantially complied with the procedural requirements of Rule 404(b), even though it failed to determine that there was clear and convincing evidence of the Mississippi carjacking.

In State v. Ray Anthony Nelson, No. 03C01-9706-CR-00197, Hamilton County (Tenn. Crim. App. filed September 9, 1998, at Knoxville), a panel of this Court determined that even though the trial court failed to conduct a clear and convincing analysis, the court still substantially complied with the procedural requirements of Rule 404(b) because "there was no real question" or dispute that the events occurred. Here, the defendant never specifically argued to the trial court that the State failed to prove by clear and convincing evidence that the events in Mississippi occurred. The defendant, however, never conceded he committed carjacking in Mississippi. Given that, we are reluctant to hold that there is no dispute that the carjacking in Mississippi occurred. See Nelson, No. 03C01-9706-CR-00197 (defendant conceded previously abusing the victim). Thus, we review de novo the trial court's decision to admit evidence of the Mississippi carjacking under Rule 404(b). DuBose, 953 S.W.2d at 652.

The defendant challenges the trial court's ruling that evidence of the Mississippi carjacking was admissible to establish identity, intent, and guilty knowledge. Mr. Boyd testified that the defendant said about a woman pumping gas into her car, "I'm

5

going to get that bitch like I got that one on Getwell," and then proceeded to drive away in the woman's car after she and her passenger entered the gas station. When Mr. Boyd was later apprehended, the burgundy Chevrolet Caprice he was driving was identified as the one previously stolen on Getwell Street from the victim in this case. The defendant's statement to Mr. Boyd in conjunction with his actions prove the defendant had the intent to rob the victim of her car, and it also proves he had guilty knowledge of the events surrounding the charged aggravated robbery. The trial court did not abuse its discretion in finding that the evidence, which was relevant to prove that the crimes charged in this case were committed, was admitted for a purpose other than to show the defendant's character. See Tenn. R. Evid. 404(b) Advisory Commission Comment.

The defendant argues that the admission of the alleged Mississippi carjacking was more prejudicial than probative. He contends that the State could have introduced evidence of the defendant's statement to Mr. Boyd and evidence regarding how the victim's car was recovered without detailing the alleged carjacking in Mississippi. However, to do so would have taken the events in Mississippi out of context and potentially would have misled the jury. As explained above, the defendant stated an intent to treat the woman pumping gas in Mississippi as he treated the Getwell Street victim. Through his subsequent actions, the defendant showed what he meant: that he took the victim's car on Getwell Street like he took the woman's car in Mississippi. While the evidence regarding the alleged carjacking in Mississippi was prejudicial to the defendant, the trial court did not abuse its discretion in determining that the probative value outweighed the prejudicial effect because the circumstances surrounding the act in Mississippi helped to prove and explain the charged crime.

The defendant also argues that the State failed to prove by clear and

6

convincing evidence that the defendant committed a carjacking in Holly Springs, Mississippi. He claims that because there was no evidence he was charged with carjacking in Mississippi and because the alleged Mississippi carjacking victim did not testify, the record does not sufficiently prove that a crime actually occurred. To the contrary, the evidence showed the defendant intended to take the car in Holly Springs in the same manner he took the one in this case, that is, by force. The evidence also showed the defendant took the car in Holly Springs only after the driver and her passenger exited it and entered the gas station. Moreover, the evidence showed that a carjacking involving a burgundy Chevrolet Caprice and an armed suspect was reported in Holly Springs. This constitutes clear and convincing evidence that the defendant committed the carjacking in Holly Springs, Mississippi, as described by Mr. Boyd on the witness stand. See Wrather v. State, 169 S.W.2d 854, 858 (Tenn. 1943)(cited in Parton, 694 S.W.2d at 303).

Despite our de novo standard of review, we conclude that the trial court properly admitted evidence of the Mississippi carjacking under Rule 404(b) because the evidence was offered for a purpose other than to prove character, the evidence was more probative than prejudicial, and the record contains clear and convincing evidence that the events occurred. Even assuming this evidence was improperly admitted, though, any resulting error was harmless given the substantial evidence of guilt, including the victim's identification of the defendant. Tenn. R. Crim. P. 52(a). Thus, the defendant has not shown entitlement to appellate relief on this issue.

The defendant next contends that the evidence does not support convictions for both aggravated robbery and especially aggravated kidnapping. Specifically, the defendant argues that any confinement in this case was essentially

7

incidental to the aggravated robbery of the victim and therefore does not constitute a separate kidnapping offense under the rule set out in State v. Anthony, 817 S.W.2d 299, 306 (Tenn. 1991). In Anthony, the Tennessee Supreme Court formulated the following test to determine whether each conviction can stand on its own:

> [W]hether the confinement, movement, or detention is essentially incidental to the accompanying felony and is not, therefore, sufficient to support a separate conviction for kidnapping, or whether it is significant enough, in and of itself, to warrant independent prosecution and is, therefore, sufficient to support such a conviction. . . . [O]ne method of resolving this question is to ask whether the defendant's conduct "substantially increased [the] risk of harm over and above that necessarily present in the crime of robbery itself."

Id. at 306 (citation omitted).

In the case at bar, the defendant pointed a gun at the victim when she was about to get out of her car and told her to "scoot over" into the passenger seat. When the victim attempted to escape by way of the passenger door, the defendant told her if she tried to get out of the car he would kill her. The defendant then sat in the driver's seat and drove out of the parking lot. After driving for approximately five to seven minutes, the defendant released the victim from the car. In light of the foregoing, the especially aggravated kidnapping was not "essentially incidental" to the aggravated robbery of the victim. The defendant would not allow the victim to get out of the car. The defendant pointed the gun at the victim several times thereby increasing the risk of harm to the victim. The defendant threatened the victim's life several times while she was held captive in the car. It was certainly not necessary to force the victim to stay in her car in order to steal her car. As such, the defendant's convictions for aggravated robbery and especially aggravated kidnapping are affirmed.

The defendant next contends that the trial court erred in ordering his

8

sentences to be served consecutively rather than concurrently. The defendant argues that the trial court erroneously found him to be a "dangerous offender" as set out in T.C.A. § 40-35-115(b)(4), that there were no aggravating circumstances that would justify imposition of consecutive sentences, and that the trial court improperly relied upon several charges pending against the defendant in sentencing the defendant.

When a defendant complains of his or her sentence, we must conduct a de novo review with a presumption of correctness. T.C.A. § 40-35-401(d). The burden of showing that the sentence is improper is upon the appealing party. T.C.A. § 40-35-401(d) Sentencing Commission Comments. This presumption, however, "is conditioned upon the affirmative showing in the record that the trial court considered the sentencing principles and all relevant facts and circumstances." State v. Ashby, 823 S.W.2d 166, 169 (Tenn. 1991). As we find that the trial court erred in several aspects of the defendant's sentencing, our review of the defendant's sentence is de novo upon the record without a presumption of correctness.

The trial court may, in its discretion, impose sentences to run concurrently or consecutively. T.C.A. § 40-20-111(a). Consecutive sentences may be appropriate where the trial court finds, by a preponderance of the evidence, that the defendant "is a dangerous offender whose behavior indicates little or no regard for human life, and no hesitation about committing a crime in which the risk to human life is high." T.C.A. § 40-35-115(b)(4). In the case at bar, the trial court found that based on the nature of the crime, the defendant was a dangerous offender. In making the decision to classify the defendant as a dangerous offender, the trial court took "judicial knowledge" of the fact that the defendant had three cases of crimes of a similar nature pending for disposition for trial or a plea. This Court has previously held that the "mere fact that a charge is

9

pending, without more, furnishes neither evidence of criminal conduct nor proof that the defendant is a dangerous offender." State v. John Allen Chapman, No. 01C01-9604-CC-00137, Grundy County (Tenn. Crim. App. filed September 30, 1997, at Nashville). As such, consideration of the pending charges against the defendant was improper. However, because there was sufficient evidence to find the defendant a dangerous offender absent consideration of the pending charges, the trial court's error was harmless.

In light of the fact that the defendant threatened the victim's life several times and pointed the gun at her head several times, we find ample proof that the defendant's behavior indicated little or no regard for human life and no hesitation about committing a crime in which the risk to human life was high. Therefore, the trial court did not err in finding that the defendant was a dangerous offender. See State v. Wilkerson, 905 S.W.2d 933, 938 (Tenn. 1995).

After finding a defendant is a dangerous offender, the only remaining considerations for determining his or her eligibility for consecutive sentencing are whether the sentences are necessary in order to protect the public from further misconduct by the defendant and whether the terms are reasonably related to the severity of the offenses. Wilkerson, 905 S.W.2d at 938. The defendant was nineteen years old at the time of sentencing and had a lengthy juvenile record including a conviction for rape and two convictions for theft of a motor vehicle. In light of the defendant's criminal history and his lack of concern for the life of his victim, we find that consecutive sentences are necessary in order to protect the public from further misconduct by the defendant. We further find that an aggregate sentence of thirty years is reasonably related to the severity of the offenses of especially aggravated kidnapping and aggravated robbery. Accordingly, the

10

trial court did not err in ordering the defendant's sentences to run consecutively.

For the foregoing reasons, we affirm the defendant's convictions and consecutive sentences.

_____
JOHN H. PEAY, Judge

CONCUR:

_____
JOE G. RILEY, Judge

_____
JAMES C. BEASLEY, Sr., Special Judge

11