FILED

**December 7, 1999**

**Cecil Crowson, Jr.
Appellate Court Clerk**

**IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE**

**AT KNOXVILLE**

**MAY 1999 SESSION**

**STATE OF TENNESSEE**

**V.**                                                        No. E1998-00378-CCA-R3-CD

**JOE N. ANDERSON, JR.**

**CONCURRING OPINION**

The majority correctly determines that the trial court did not abuse its discretion in denying the severance of the offenses wherein Travis Haynes is the victim from those wherein Darren King is the victim. The trial court acted within its discretion in finding that (1) the offenses were part of a common scheme or plan and (2) evidence of one would be admissible upon the trial of the others. See Tenn. R. Crim. P. 14(b)(1). However, I differ somewhat from the majority in the rationale used to find the second Rule 14(b)(1) factor.

After concluding pursuant to the first Rule 14(b)(1) factor that the offenses were part of a common scheme or plan, the majority found the presence of the second factor, that evidence of one offense would be admissible in the trial of the other pursuant to Tennessee Rule of Evidence 404(b), because both offenses "involve[d] a common plan or scheme."

This holding is apparently based upon State v. Parton, 694 S.W.2d 299 (Tenn. 1985), in which our supreme court, in quoting Bunch v. State, said that character evidence otherwise inadmissible as being irrelevant may nevertheless be admissible when "relevant to such issues on trial as motive of the defendant, intent of the defendant, the identity of the defendant, the absence of mistake or accident if that is a defense, and, rarely, the existence of a larger continuing plan, scheme, or conspiracy of the crime on trial is a part." Parton, 694 S.W.2d at 302 (quoting Bunch v. State, 605 S.W.2d 227, 229-30 (Tenn. 1980)). However, the Advisory Commission Comments to Rule 404(b) undermine the notion that common scheme or plan alone is a threshold to the

admission of character evidence otherwise barred by Rule 404(b), when the common scheme of plan is not in and of itself relevant to some other material issue such as identity.  The Comments acknowledge that exceptions to the general rule of exclusion of evidence of the defendant's bad character include, when material, "issues such as identity (*including motive and common scheme or plan*), intent, or rebuttal of accident or mistake."  Tenn. R. Evid. 404 Advisory Comm'n Comments (emphasis added).

Even if Rule 404(b) would allow evidence of a defendant's bad character to show a common scheme or plan when that evidence is not illustrative of any other material issue, I doubt the soundness of using the common scheme or plan rationale to supply the second factor prefatory to denying a motion to sever offenses.  Tennessee Rule of Criminal Procedure 14(b)(1) establishes common scheme or plan as the first of two factors which must coincide to negate a defendant's "right to a severance."  The second factor is that evidence of one must be admissible in the trial of the other.  This two-part requirement is nonsensical if the second factor is also satisfied by the presence of a common scheme of plan.

In a footnote, the majority "note[s] that the evidence bore relevance to 'identity.'"  See majority opn., n. 3.  I would have made the issue of identity, which appears to have been material in the King homicide, the basis for admissibility under evidence Rule 404(b) and for the denial of severance under the second factor of Rule 14(b)(1).  The defendant was amply identified as the person who shot Haynes, and the state proved that the bullet recovered from Haynes was fired by the same gun which was used to kill King.


_____

JAMES CURWOOD WITT, JR., JUDGE