# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE

## AT NASHVILLE

### NOVEMBER 1998 SESSION

FILED

January 7, 1999

Cecil W. Crowson
Appellate Court Clerk

| | | |
|---|---|---|
| STATE OF TENNESSEE, | ) | NO. 01C01-9803-CC-00138 |
| Appellee, | ) | |
| | ) | MARSHALL COUNTY |
| VS. | ) | |
| | ) | HON. CHARLES LEE, |
| WILLIAM LAVERN DAVIS, | ) | JUDGE |
| | ) | |
| Appellant. | ) | (Theft) |

**FOR THE APPELLANT:**

**N. ANDY MYRICK, JR.**
116 West Market Street
Fayetteville, TN 37334

**FOR THE APPELLEE:**

**JOHN KNOX WALKUP**
Attorney General and Reporter

**KIM R. HELPER**
Assistant Attorney General
Cordell Hull Building, 2nd Floor
425 Fifth Avenue North
Nashville, TN 37243-0493

**WILLIAM MICHAEL MCCOWN**
District Attorney General

**WEAKLEY E. BARNARD**
Assistant District Attorney General
Marshall County Courthouse
Room 407
Lewisburg, TN 37091

**OPINION FILED:** _____

**AFFIRMED**

**JOE G. RILEY,**
**JUDGE**

**OPINION**

The defendant, William Lavern Davis, appeals his conviction by a Marshall County jury of theft of property over $1,000. He was sentenced as a career offender to twelve (12) years. On appeal, he contends the evidence adduced at trial was insufficient to sustain a guilty verdict and the trial court erred in admitting evidence of a prior bad act. The judgment of the trial court is AFFIRMED.

**FACTS**

The defendant and his wife, Mattie Hill Davis, telephoned Doris Harris on the day in question and requested she drive them from Shelbyville to Lewisburg. Harris picked up the defendant and his wife, ultimately driving them to the Family Dollar Store in Lewisburg.

Mrs. Davis purchased transmission fluid from the store and gave it to Harris to add to her car. While Harris was putting the transmission fluid in her car, the defendant and his wife discovered a yellow bag in the store's parking lot. The bag had "Family Dollar" written in 2½ to 3 inch black letters on one side. The defendant retrieved the bag, stuffed it in his pants, and got into Harris' car. The defendant's wife instructed Harris to "hurry up" and drive away.

Once Harris had driven off, the defendant opened the bag and discovered cash and checks totaling $1,374.44.[1] The defendant and his wife began "fighting" over the bag. The defendant's wife removed the cash from the bag and threw the bag and checks out the window. The defendant's wife subsequently gave Harris $105 in cash from the bag. Upon their return to

---

[1] The store manager testified to the amount in the bag. The defendant's wife testified there was $1,001.00 in cash in the bag with no checks.

Shelbyville, the defendant advised Harris "they had stolen the money bag at Family Dollar."

The defendant was observed picking up the bag by a young boy who secured the license tag number on Harris' vehicle. The defendant, his wife, and Harris were subsequently arrested.[2]

## SUFFICIENCY OF THE EVIDENCE

The defendant contends the evidence is insufficient to show he committed theft as he believed the money was lost and had a valid claim to it. Additionally, he claims the state failed to prove he had the required intent to commit theft and did not appropriate for his own use the amount alleged in the indictment.

When an accused challenges the sufficiency of the convicting evidence, our standard of review is whether, after reviewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. Jackson v. Virginia, 443 U.S. 307, 319, 99 S.Ct. 2781, 2789 (1979). Questions concerning the credibility of the witnesses, the weight and value to be given the evidence as well as all factual issues raised by the evidence, are resolved by the trier of fact, not this Court. State v. Tuttle, 914 S.W.2d 926, 932 (Tenn. Crim. App. 1995). Nor may this Court reweigh or re-evaluate the evidence. State v. Cabbage, 571 S.W.2d 832, 835 (Tenn. 1978). On appeal, the state is entitled to the strongest legitimate view of the evidence and all inferences therefrom. Id. Because a verdict of guilt removes the presumption of innocence and replaces it with a presumption of guilt, the accused has the burden in this Court of illustrating why the evidence is insufficient to support the verdict returned by the trier of fact.

---

[2] Prior to defendant's trial, his wife and Harris both pled guilty to the theft.

3

State v. Tuggle, 639 S.W.2d 913, 914 (Tenn. 1982).

The defendant was convicted of theft of property. This offense requires a person, with intent to deprive the owner of property, to knowingly obtain or exercise control over the property without the owner's effective consent. Tenn. Code Ann. § 39-14-103. An affirmative defense to theft of property is that the person "[a]cted in the honest belief that the person had the right to obtain or exercise control over the property . . . as the person did." Tenn. Code Ann. § 39-14-107(2).

The evidence presented at trial, when viewed in a light most favorable to the state, shows the defendant picked up a bag labeled "Family Dollar" outside of the Family Dollar Store. The defendant took the property to Harris' car while his wife exhorted Harris to leave quickly. The defendant opened the bag and discovered it contained over $1,000 in cash and checks. The majority of checks in the bag were made payable to the order of "Family Dollar." The defendant took a portion of the cash from the bag. His wife then threw the bag out of the car window. The defendant stated to Harris that the bag had been "stolen." The jury was charged as to the affirmative defense and, by their verdict, rejected it. It was within their prerogative to do so. Unquestionably, the evidence was sufficient to support the verdict.

This issue is without merit.

## EVIDENCE OF PRIOR BAD ACTS

The defendant complains he was unfairly prejudiced by Harris' testimony that the defendant had stolen telephones from a "Wal-Mart" store earlier in the day. He claims the trial court admitted this evidence in violation of Tenn. R. Evid. 404(b), which provides that evidence of other crimes is not admissible to prove

4

the character of a person in order to show action in conformity with the character trait.

During direct examination of Harris by the state, the prosecutor asked her, "What happened at Wal-Mart?" Harris replied, "William Davis stole some telephones." Defense counsel objected and the trial court, after an extended bench conference, decided not to give any instructions to the jury as to this evidence.

At the conclusion of Harris' testimony, the trial court *sua sponte* re-visited the issue and stated he had deferred ruling on the previous objection. The trial court agreed to sustain the objection. Defense counsel moved for a mistrial. The trial court denied the motion and offered to give the jury a curative instruction. Defense counsel declined the instruction for tactical reasons. Later, the trial court again asked defense counsel whether he wished a curative instruction given. Defense counsel again declined after the prosecution indicated they would not raise the issue again.

Firstly, we note the trial court offered to give a curative instruction. Defense counsel refused. Secondly, even if the trial court erred in not immediately sustaining the objection, the error was harmless in light of the overwhelming evidence.[3] Tenn. R. App. P. 36(b). Certainly, the trial court did not err in refusing to grant a mistrial.

This issue is without merit.

Accordingly, the judgment of the trial court is AFFIRMED.

---

[3] We need not reach the question of whether this evidence was, in fact, admissible under Tenn. R. Evid. 404(b) in order to show the defendant's "intent." *See* State v. Parton, 694 S.W.2d 299, 303 (Tenn. 1985).

5

                                             _____
                                             **JOE G. RILEY, JUDGE**

**CONCUR:**


_____
**PAUL G. SUMMERS, JUDGE**



_____
**L.T. LAFFERTY, SENIOR JUDGE**