IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs August 12, 2015

## STATE OF TENNESSEE v. DEBORAH M. NOWAKOWSKI

**Appeal from the Criminal Court for Wilson County
No. 13-CR-542     John D. Wootten, Jr., Judge**

_____

**No. M2014-02336-CCA-R3-CD – Filed December 4, 2015**

_____

The Defendant-Appellant, Deborah Nowakowski, was convicted by a Wilson County jury of driving under the influence (DUI) and driving on a revoked license. At a subsequent bench trial, the trial court found that Nowakowski had five previous DUI convictions and one previous conviction for driving on a revoked license. She was therefore convicted of DUI, sixth offense, and violating the Motor Vehicle Habitual Offenders Act (MVHOA). She received a total effective sentence of twelve years, eleven months and twenty-nine days' incarceration. On appeal, the sole issue presented for our review is whether the trial court erred in holding harmless the erroneous admission of a statement referencing Nowakowski's prior DUI convictions. Discerning no reversible error, we affirm the judgment of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Affirmed**

CAMILLE R. MCMULLEN, J., delivered the opinion of the court, in which NORMA MCGEE OGLE and ROBERT W. WEDEMEYER, JJ., joined.

Comer L. Donnell, District Public Defender; John Archer Gholson, IV, Assistant Public Defender, Lebanon, Tennessee, for the Defendant-Appellant, Deborah M. Nowakowski.

Herbert H. Slatery III, Attorney General and Reporter; Andrew C. Coulam, Assistant Attorney General; Tom P. Thompson, Jr., District Attorney General; and Linda D. Walls, Assistant District Attorney General, for the Appellee, State of Tennessee.

## OPINION

Defendant-Appellant Nowakowski was arrested on June 18, 2013, for driving under the influence and driving on a revoked license. The arresting officer, Sergeant Scott Fulton, stopped Nowakowski after finding her stopped at an intersection, slumped over the wheel with traffic backing up behind her. Upon exiting the vehicle, Sergeant

Fulton observed that Nowakowski exhibited slurred speech, appeared lethargic, and was unsteady on her feet. Pursuant to the implied consent law, she submitted to a blood test, which resulted in a blood alcohol content of .23.

Defendant-Appellant Nowakowski was later charged by a Wilson County Grand Jury with one count of DUI, sixth offense, one count of driving on a revoked license, second offense, one count of violating the MVHOA and one count of assault. At her jury trial on the charges of driving under the influence and driving on a revoked license,[1] the video recording of her traffic stop was played for the jury. On this recording, one of the officers involved in the stop made a remark asserting that Nowakowski had eight previous DUI convictions. After the trial court denied Nowakowski's motion for a mistrial based on the officer's statement, the jury returned guilty verdicts on the DUI, driving on a revoked license, and assault charges.[2]

After the trial, counsel for the Defendant-Appellant sent a letter to each juror inquiring as to what effect, if any, the officer's remark regarding previous DUI convictions had on their deliberations or verdict. Enclosed with the letter were two affidavits, one indicating that, "[t]he officer's statement on the police video of the arrest that Deborah Nowakowski has 'eight prior DUI's' did affect my decision to convict her of DUI in this case." The other affidavit was identical, except it read that the statement, "did not effect" the juror's decision to convict Nowakowski of DUI. The letter asked the juror to return the affidavit that applied to them.

Eleven of the twelve jurors responded, one of whom indicated that the remark did affect his decision to convict Nowakowski of DUI. The other ten jurors that responded indicated that the remark did not affect their decision. Based on the affidavit from the juror who was impacted by the remark, Nowakowski filed a motion for a judgment of acquittal or, in the alternative, a new trial. Following a hearing, the trial court found that the erroneous admission of the statement regarding Nowakowski's DUI history was harmless in light of the overwhelming evidence of intoxication presented at trial and denied her motion. This timely appeal followed.

---

[1] Nowakowski elected to forgo her right to a jury trial on the enhancement count charging her as a prior offender with five prior DUI convictions and one previous conviction for driving on a suspended license. Accordingly, those charges were adjudicated in a subsequent bench trial where Nowakowski was convicted.

[2] The assault charge was later set aside by the trial judge pursuant to Tenn. R. Crim. P. 29(d)(2).

# ANALYSIS

On appeal, Nowakowski contends that the trial court committed reversible error in not granting her motion for a new trial. Specifically, she contends that the trial court erred in labeling the admission of the statement referring to her prior convictions harmless error. The State agrees that the admission of the prior convictions was in error, but argues that the error was harmless in light of the other evidence presented at trial. We agree with the State.

"Rule 404 was patterned in great measure on State v. Parton, 694 S.W.2d 299 (Tenn. 1985), wherein our supreme court ruled that evidence of other crimes is generally inadmissible." State v. McCary, 119 S.W.3d 226, 243 (Tenn. Crim. App. 2003). Rule 404 "establish[es] that character evidence cannot be used to prove that a person has a propensity to commit a crime." Id. (citing Tenn. R. Evid. 404(b); State v. Adkisson, 899 S.W.2d 626, 645 (Tenn. Crim. App. 1994)). Trial courts have been encouraged to take a "'restrictive approach' to 404(b) evidence because such proof 'carries a significant potential for unfairly influencing a jury.'" State v. Jackson, 444 S.W.3d 554, 601 (Tenn. 2014) (quoting State v. Dotson, 254 S.W.3d 378, 387 (Tenn. 2008)). "'[T]he risk that a jury will convict for crimes other than those charged–or that, uncertain of guilt, it will convict anyway because a bad person deserves punishment-creates a prejudicial effect that outweighs ordinary relevance.'" Id. (quoting State v. Sexton, 368 S.W.3d 371, 403 (Tenn. 2012)). The more similar the conduct or act to the crime for which the defendant is on trial, the greater the potential for a prejudicial result. McCary, 119 S.W.3d at 243 (citing State v. Bordis, 905 S.W.2d 214, 232 (Tenn. Crim. App. 1995)).

Here, it is clear that the parties overlooked the officer's statement regarding Nowakowski's prior DUI convictions on the video as it did not come to the attention of either side or the court until well after it was played for the jury. Nevertheless, there is no question that the admission of this statement was in error. Because an erroneous admission of a prior bad act is evidentiary in nature, and not constitutional, the error is subject to a non-constitutional harmless-error analysis. As such, we must now consider whether the error in this case "more probably than not affected the judgment or would result in prejudice to the judicial process." See Tenn. R. App. P. 36(b); State v. Rodriguez, 254 S.W.3d 361, 371-72 (Tenn. 2008) (citing State v. Ely, 48 S.W.3d 710, 725 (Tenn. 2001); State v. Harris, 989 S.W.2d 307 (Tenn. 1999)). In conducting our review, we must consider the whole record and the properly admitted evidence of the defendant's guilt. Rodriguez, 254 S.W.3d at 372. The greater the amount of evidence of guilt, the heavier the burden on the defendant to demonstrate that a non-constitutional error involving a substantial right more probably than not affected the outcome of the trial. Id. The crucial consideration for this court is what impact the error may reasonably be taken to have had on the jury's decision-making. Id. (citing Kotteakos v. United

States, 328 U.S. 750, 759 (1946); State v. Denton, 149 S.W.3d 1 (Tenn. 2004); State v. Dooley, 29 S.W.3d 542, 555 (Tenn. Crim. App. 2000)). Where an error more probably than not had a substantial and injurious impact on the jury's decision-making, it is not harmless. Id. at 372.

Upon our review, we affirm the decision of the trial court. Initially, we agree with the trial court, and conclude that the audio containing the erroneous statement is "garbled" and of extremely poor quality. The video depicts the officer's arrival, and Nowakowski exiting her vehicle and eventually lying on the ground. The audio of the video recorded sounds from inside the vehicle best and is littered with radio dispatch comments from various other ongoing law enforcement matters. The sound from outside the vehicle is faintly recorded and shrouded with noise from inside the officer's vehicle. While the officers are waiting on the ambulance to arrive, they are positioned with Nowakowski outside her vehicle. Once the ambulance arrives and paramedics begin to assess Nowakowski, another female officer approaches the scene and fleetingly references "priors." Had the remark not been brought to this court's attention, it would have gone unnoticed. In our view, because the remark is barely audible, we are hesitant to conclude that it had any impact on the jury verdict, much less a substantial and injurious one.

Nevertheless, one juror returned an affidavit indicating that the statement had an impact on his decision to convict Nowakowski. Unfortunately, this court has no way of knowing the degree to which the juror was impacted or the outside influences to which the juror was subjected post-verdict. This is, in part, why the use of affidavits in this manner is prohibited. See Walsh v. State, 166 S.W.3d 641, 646 (Tenn. 2005).[3] Considering the whole record of properly admitted evidence as we must in order to

---

[3] In Walsh, the Tennessee Supreme Court noted that Rule 606(b) of the Tennessee Rules of Evidence prohibits a juror from testifying about anything occurring during deliberations, including the juror's own internal thoughts, motivations, or emotions. There are three exceptions to Rule 606(b), none of which apply to the instant case. Specifically, Rule 606(b) provides:

> Upon an inquiry into the validity of a verdict or indictment, a juror may not testify as to any matter or statement occurring during the course of the jury's deliberations or to the effect of anything upon any juror's mind or emotions as influencing that juror to assent to or dissent from the verdict or indictment or concerning the juror's mental processes, except that a juror may testify on the question of whether extraneous prejudicial information was improperly brought to the jury's attention, whether any outside influence was improperly brought to bear upon any juror, or whether the jurors agreed in advance to be bound by a quotient or gambling verdict without further discussion; nor may a juror's affidavit or evidence of any statement by the juror concerning a matter about which the juror would be precluded from testifying be received for these purposes.

Walsh, 166 S.W.3d at 647 (Tenn. 2005) (emphasis added).

determine the effect of the error, we agree with the trial court, and conclude that there was overwhelming evidence of Nowakowski's intoxication. She was found slumped over the wheel at an intersection with traffic backing up behind her. After exiting her vehicle, she exhibited slurred speech, was unsteady on her feet, and was lethargic. There was a half-empty pint of vodka found in her vehicle, which she candidly admitted to "guzzl[ing] . . . down" when the officer pulled behind her because she "figured" she was going to jail. When asked if she "down[ed] the whole entire bottle," Nowakowski said, "Yes, except maybe a little splash." Finally, she had blood alcohol level of .23, almost three times the legal limit of .08. Given the other properly admitted evidence, we are unable to conclude that the admission of the erroneous remark had a substantial and injurious impact on the jury's verdict. Nowakowski has failed to meet her burden of showing that the error more probably than not affected the outcome of the trial, and is therefore not entitled to relief.

## CONCLUSION

We conclude that the admission of the officer's statement regarding Nowakowski's history of DUI convictions was harmless in light of the other evidence presented at trial. The judgment of the trial court is affirmed.

_____
CAMILLE R. McMULLEN, JUDGE